[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-15687
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 24, 2012
JOHN LEY
CLERK

D.C. Docket No. 05-01806-CV-ORL-31-DAB

RENEE BELL,

Plaintiff-Appellant,

versus

FLORIDA HIGHWAY PATROL,
LARRY COSTANZO,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 24, 2012)

Before MARCUS, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Renee Bell, proceeding *pro se*, appeals the district court's dismissal of her third amended complaint due to her failure to follow the court's orders. She argues that the district court erred when it dismissed her third amended complaint because (1) the factual allegations contained therein were sufficient to state a claim for relief and (2) the complaint complied with the applicable Federal Rules of Civil Procedure.

We review for an abuse of discretion the district court's decision to dismiss a complaint for failure to comply with a court order or court rules. *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Discretion means that the district court may act within a "range of choice," and we will not disturb its decision "as long as it stays within that range and is not influenced by any mistake of law." *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).

A district court may dismiss a case under its inherent authority to manage its docket. *Id.* "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (citations omitted). When a complaint is dismissed without prejudice and the plaintiff elects to pursue an appeal rather than amend the complaint, "the order to dismiss without prejudice is considered an adjudication on the merits" over which we have jurisdiction. *Jackson v. Okaloosa*

2

*Cnty.*, 21 F.3d 1531, 1536 n.4 (11th Cir. 1994). Although *pro se* pleadings are to be construed liberally, "procedural rules in ordinary civil litigation" should not be interpreted "so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984 (1993).

Here, the district court provided Bell with instructions in its order dismissing her second amended complaint. Bell's third amended complaint failed to comply with these detailed instructions regarding how to plead claims and which claims to present. Bell (1) failed to abide by the district court's specific instructions to comply with Federal Rule of Civil Procedure 10, (2) included causes of action that she had previously disclaimed, and (3) added new claims that had not been asserted in any of the prior pleadings.

*Pro se* status cannot excuse noncompliance with the district court's precise orders or the federal rules governing how to file a properly pleaded complaint. *See McNeil*, 508 U.S. at 113, 113 S. Ct. at 1984. Accordingly, the district court did not abuse its discretion by dismissing Bell's third amended complaint.[*]

**AFFIRMED.**

---

[*] To the extent that Bell raises a separate argument on appeal regarding the classification of her case under the district court's local rules for discovery management, this argument cannot succeed because her case never reached the discovery phase in the district court.