766 F.2d 1533
 3 Fed.R.Serv.3d 78
 Minnie GOFORTH, Plaintiff-Appellant,
v.
Roger Douglas OWENS, M.D., Roger Douglas Owens, M.D., P.C.,
James F. Parks, M.D., P.C., Pierce Kendall Dixon,
M.D., Pierce Kendall Dixon, M.D., P.C.,
Defendants-Appellees.
 No. 85-8013
 
 Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 July 29, 1985.
 William R. Parker, Atlanta, Ga., for plaintiff-appellant.
 James E. Brim III, Gainesville, Ga., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before RONEY, FAY and JOHNSON, Circuit Judges.
 JOHNSON, Circuit Judge:
 
 
 1
 Plaintiff appeals a dismissal with prejudice of a diversity medical malpractice action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. Because the district court acted within the bounds of its discretion in imposing this sanction, we affirm.
 
 
 2
 This medical malpractice action was originally filed in state court in May 1981. On the day of the state court trial date in September 1983, plaintiff voluntarily dismissed because she could not afford the expert witness fees necessary to bring her out-of-town experts in for trial. Six months later, plaintiff refiled her case in state court and filed the same action in federal court.[1]
 
 
 3
 The district court's deputy clerk sent plaintiff's counsel the court's pretrial instructions on April 2, 1984. The instructions required counsel to submit a preliminary statement on or before May 8, 1984, and required that a consolidated pretrial order be filed on or before August 29, 1984. The instructions further advised counsel that the case would be considered ready for trial after August 29, 1984.
 
 
 4
 No preliminary statement was received by the court. On June 7, 1984, the court ordered that, unless a preliminary statement was received within ten days, the parties were to appear on June 22, 1984, for a conference pursuant to Rule 16 of the Federal Rules of Civil Procedure. Two days before the date of the scheduled conference, plaintiff's counsel sent the court a letter stating that he would be unable to attend the Rule 16 conference because of an undiagnosed throat condition. The courtroom deputy clerk telephoned counsel's office and learned from his secretary that counsel had been suffering from a throat condition for several weeks, but had been able to attend to some other court matters. Counsel's secretary was informed that, unless counsel presented a medical statement that he was physically incapable of attending court, his presence at the Rule 16 conference would be required.
 
 
 5
 On the date of the scheduled conference, counsel's secretary informed the court that she was forwarding a medical certificate to the court on counsel's behalf. The case was removed from calendar for that date, and the court informed counsel's secretary that counsel should prepare the preliminary statement and forward it to the court in prompt fashion. No preliminary statement was ever received.
 
 
 6
 Counsel were sent notices on August 17, 1984, stating that the case was scheduled for a pretrial conference on September 7, 1984, and for trial during the two-week term commencing on September 10, 1984. At the pretrial conference, plaintiff's counsel requested a continuance, which request was denied. On the afternoon of Friday, September 14, the deputy clerk contacted plaintiff's counsel to notify him that trial would commence on Monday, September 17, 1984.
 
 
 7
 Plaintiff's counsel had also been scheduled to appear for trial in state Superior Court on September 17. However, the district court judge conferred with the superior court judge, and both judges agreed that plaintiff's counsel would be excused from appearing in Superior Court. The deputy clerk advised plaintiff's counsel of this fact when notifying him to be ready to proceed on the following Monday.
 
 
 8
 At the call of the district court calendar on September 17, 1984, plaintiff's counsel failed to appear, but instead reported to Superior Court. He sent an attorney not of record in the case to the district court to move for a continuance. The defendants, with their attorney and witnesses present in court, opposed the motion for continuance and moved that the case be dismissed for lack of prosecution.
 
 
 9
 The district court judge stated that to grant the motion for continuance would punish the defendant doctors, who had cancelled appointments with patients to be ready for trial. The judge said, "I'm not accustomed to having lawyers ignore the court, and the only time I have ever seen or heard from [plaintiff's counsel] has been when he came to pretrial conference. Other than that, he's ignored everything the court has directed or required, including coming here this morning." The district court granted defendants' motion to dismiss for want of prosecution.
 
 
 10
 A district court is authorized, on defendant's motion, to dismiss an action for failure to prosecute or to obey a court order or federal rule. Fed.R.Civ.P. 41(b). The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits. Link v. Wabash Railroad Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir.1983). The legal standard to be applied under Rule 41(b) is whether there is a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Id.; Hildebrand v. Honeywell, Inc., 622 F.2d 179, 181 (5th Cir.1980). Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances. Jones v. Graham, 709 F.2d at 1458. The task of the reviewing court is to determine whether the trial court, in exercising its authority to dismiss, abused its discretion. Id.
 
 
 11
 The district court found that plaintiff's counsel engaged in a pattern of delay and deliberately refused to comply with the directions of the court. This finding is supported by the record. Despite the court's repeated insistence that plaintiff's counsel submit a preliminary statement, plaintiff's counsel failed to submit such a statement. Plaintiff's counsel also failed to appear for a pretrial conference in June 1984, as an alternative to submitting a preliminary statement. Finally, plaintiff's counsel disobeyed the court's instruction to be ready to proceed with trial on September 17, 1984.
 
 
 12
 The record also supports an implicit finding that any lesser sanction than dismissal would not have served the interests of justice. The district court determined that by granting plaintiff's motion for a continuance the court would have punished defendants. Defendants were physicians who had to cancel three days of appointments with patients to be present for trial. If the continuance were granted, defendants would have been forced to cancel several additional days of appointments. As any further delay would have greatly prejudiced defendants, a lesser sanction than dismissal would not have served the interests of justice. See id. at 1461-62; Veazey v. Young's Yacht Sale & Service, Inc., 644 F.2d 475, 478 (5th Cir.1981).
 
 
 13
 This Court is aware that a dismissal imposes a severe penalty on a client for the misconduct of an attorney. A court should be reluctant to impose the harsh sanction of dismissal with prejudice where the plaintiff is not actually culpable. See Rogers v. Kroger Co., 669 F.2d 317, 322 (5th Cir.1982). However, where any other sanction would fail to cure the harm that the attorney's misconduct would cause to the defendant, dismissal can be appropriate.
 
 
 14
 The trial court would also have been justified in dismissing this action under Rule 16(f) of the Federal Rules of Civil Procedure, as a sanction for the conduct of plaintiff's counsel. The sanctions contained in Rule 16(f) were designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation. In re Baker, 744 F.2d 1438, 1441 (10th Cir.1984). The court could have used the sanction of dismissal to punish counsel for his disregard of the court's orders to submit a preliminary statement and ultimately to be ready for trial.
 
 
 15
 In dismissing plaintiff's action with prejudice under Rule 41(b), the trial court acted within the bounds of its discretion. The decision of the district court is AFFIRMED.
 
 
 
 [1]
 Georgia law provides a plaintiff with six months to refile an action, notwithstanding the fact that the statute of limitations may have expired during the pendency of the lawsuit. O.C.G.A. Section 9-2-61