[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 28, 2005
THOMAS K. KAHN
CLERK

No. 05-14093
Non-Argument Calendar

_____

D. C. Docket No. 04-10042-CV-KMM

STEVEN LECKLITNER,

Plaintiff-Appellant,

versus

ROGER WAGNON, Lieutenant,
CHRISTOPHER GANEM, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 28, 2005)

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Steven Lecklitner appeals the district court's order dismissing his case with prejudice and its order granting summary judgment in favor of some of the defendants in the case. We affirm in part, vacate in part and remand.

**I.**

This is an action arising out of the arrest of Lecklitner in the City of Key West on June 24, 2000, for battery on the law enforcement officer, resisting arrest without violence and disorderly conduct. Lecklitner brought his action against the City of Key West and three Key West police officers under 42 U.S.C. § 1983. The district court granted summary judgment in favor of the City of Key West and as to Count II in favor of Officer Donna Wagnon and as to Count IV in favor of Officer Robert Wagnon. In all other respects, the district court denied the defendants' motion for summary judgment.

Subsequently, the district court set the case for trial. It was the fourth case on the court's trial calendar and was tentatively scheduled on June 20, 2005. The district court specifically advised the parties that there were three criminal cases ahead of the instant case on the calendar and that if the three criminal cases collapsed the parties in the case should be prepared to proceed as early as June 13, 2005. Lecklitner's counsel, Cornelius Shiver, indicated to the court that this could cause him a problem, but said "OK." After this exchange, Lecklitner did not file a

motion for continuance or a motion to be excused from the first week of the trial docket. On June 13, 2005, the clerk's office contacted counsel for the parties to inform them that trial would begin the following day at 1:00 p.m. Neither Shiver nor Lecklitner appeared for trial at that time. The defendants moved for an entry of an order dismissing the case. After some discussion, the district court granted the motion and dismissed Lecklitner's case with prejudice.

## II.

This court reviews *de novo* a district court's grant of summary judgment. *Underwood v. Perry County Comm'n*, ___ F.3d ___ , ___ (No. 04-11713) (11th Cir. 2005).

This court reviews for an abuse of discretion the district court's order dismissing the case with prejudice. *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).

## III.

We affirm the district court's grant of summary judgment in favor of the City of Key West and in favor of several of the police officers in part based on its well-reasoned order filed on May 26, 2005.

After reviewing the record, however, we conclude that the district court abused its discretion in granting the defendant's motion to dismiss with prejudice.

In reading the district court's order of dismissal filed on June 21, 2005, and the transcript of June 14, 2005, we are unable to find any consideration by the district court of any lesser sanctions, as required by our circuit precedent. *See Goforth,* 766 F.2d at 1535; *Jones*, 709 F.2d at 1458. Neither the district court's order nor its statements at the hearing on June 14th ascertain the extent to which Lecklitner or his counsel was personally responsible for the delay, the degree of actual prejudice to the defendants, and whether the delay was the result of intentional conduct by either Lecklitner or his counsel. Accordingly, we vacate the order of dismissal and remand this case for further proceedings consistent with this opinion.

**AFFIRMED in part, VACATED in part, and REMANDED.**