[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 2, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12277

_____

D.C. Docket No. 04-03817-CV-TWT-1

GLADES PHARMACEUTICALS, LLC,

Plaintiff-
Counter-Defendant-
Appellant
Cross-Appellee,

versus

BRENDAN J. MURPHY,
RIVER'S EDGE PHARMACEUTICALS, LLC,

Defendants-
Counter-Claimants-
Appellees
Cross-Appellants.

_____

Appeals from the United States District Court for the
Northern District of Georgia

_____

**(February 2, 2007)**

Before EDMONDSON, Chief Judge, TJOFLAT and GIBSON,[*] Circuit Judges.

PER CURIAM:

This appeal and cross-appeal represent the latest gambit in a long-running and complicated dispute between appellant-cross-appellee Glade Pharmaceuticals, LLC, ("Glade") and appellees-cross-appellants Brendan J. Murphy ("Murphy") and River's Edge Pharmaceuticals, LLC ("River's Edge").  Glade filed the present incarnation of its suit against Murphy and River's Edge in the United States District Court for Northern District of Georgia.  Glade's complaint sought equitable relief and damages for, <u>inter alia</u>, copyright infringement and breach of fiduciary duty.  Murphy and River's Edge subsequently counter-claimed seeking, <u>inter alia,</u> damages for breach of contract.

We will not recount here the torturous path the parties have taken to reach our threshold.  The current appeal arises from a discovery dispute that grew out of the parties' inability to reach a mutually acceptable confidentiality agreement to govern discovery.  On December 23, 2005, the district court ordered the parties to reach such an agreement, stating that only those documents dealing with pricing information should be protected as "Attorneys' Eyes Only."

---

[*] Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

The parties were unable to reach a confidentiality agreement, and Glades subsequently moved to compel Murphy's and River Edge's compliance with the December 23 order and for sanctions. The district court noted that the discovery dispute persisted not only because of Murphy's and River's Edge's unwillingness to comply with the court's specific direction regarding which documents could be marked "Attorneys' Eyes Only," but also because of Glade's obstinance in seeking discovery grossly disproportionate with the claims remaining in the dispute. Accordingly, the district court exercised its inherent power to manage the litigation of the case before it and dismissed both the claims and counterclaims without prejudice.

We review for abuse of discretion the dismissal of an action for failure to comply with the district court's orders. Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). The power to issue sanctions to ensure prompt compliance with court orders is a necessary concomitant of judicial power. See Link v. Wabash Railroad Co., 370 U.S. 626, 630–31, 82 S. Ct. 1386, 1388–89, 8 L. Ed. 2d 734 (1962). This court has previously affirmed far stiffer sanctions than dismissal without prejudice for failure to comply with court orders. See Goforth, 766 F.2d at 1535-36 (affirming the district court's sanction of dismissal with prejudice while noting such a dismissal is a remedy of last resort). In the present case,

because the claims and counterclaims were dismissed without prejudice, Glades remained free to re-file its action, and Murphy and River's Edge remained free to re-file their counterclaims. They have done so. We cannot say that the district court abused its discretion by dismissing this action for failure to comply with discovery orders.

The order of the district court is, therefore,

AFFIRMED.