[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14538
Non-Argument Calendar
_____

D.C. Docket No. 9:12-cv-81404-DTKH


DANETTE MARSHALL,

                                                            Plaintiff-Appellant,

versus

ARYAN UNLIMITED STAFFING SOLUTION/FANEUIL INC/
MAC ANDREWS HOLDING,
FANEUIL INC/MAC ANDREWS & FORBS HOLDING,
D&D ARY ENTERPRISES INC, CORP,
Sabrina Ary as President and Agent,
HARLAND CLARKE HOLDINGS CORP,

                                                            Defendants-Appellees,

AMS STAFF LEASING/COMPANION
PROPERTY AND CASUALTY EMPLOYER,

                                                            Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 14, 2015)

Before HULL, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Danette Marshall appeals from the district court's dismissal with prejudice of her sixth amended complaint and from the denial of her motion to file a seventh amended complaint in an employment discrimination action brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* After defendants Faneuil, Inc., MacAndrews & Forbes Holdings, Inc., and Harland Clarke Holdings Corporation moved to dismiss, the district court dismissed with prejudice her complaint against all defendants, citing Marshall's repeated failure, after multiple warnings, to file a complaint that complied with procedural rules and the court's orders cautioning against shotgun pleadings. The court also noted that, while Marshall referred to right-to-sue letters from the Equal Employment Opportunity Commission in the section of her complaint entitled "Exhaustion of Administrative Remedies," she did not include copies of those letters in the 20 pages of exhibits attached to her complaint.

On appeal, Marshall argues that she sufficiently alleged exhaustion of her administrative remedies, that her complaint would not have been subject to dismissal if the court had granted her leave to file a seventh amended complaint severing her claims against non-moving defendants, and that the court overlooked

2

information in her complaint that would have shown she stated claims against the defendants.

Upon a thorough review of the record, and after consideration of the parties' briefs, we affirm.

We review for an abuse of discretion a district court's exercise of its authority to dismiss an action under Federal Rule of Civil Procedure 41(b) for failure to comply with court orders or federal rules. *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Dismissal with prejudice "is considered a sanction of last resort, applicable only in extreme circumstances," where there is a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Id.* (citations omitted). We have "repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) (quotations and citation omitted).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Rule 8(a)(2)'s purpose is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (citation and ellipsis omitted). Therefore, a complaint's "[f]actual

3

allegations must be enough to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. Further, the allegations in the complaint "must be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1). Federal Rule of Civil Procedure 10 provides that the complaint also must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed.R.Civ.P. 10(b).

In contrast, a "shotgun pleading" is one in which "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Ctr. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). We have repeatedly condemned shotgun pleadings. *See, e.g., PVC Windoors, Inc. v. Babbitbay Beach Constr. N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 & n.54 (11th Cir. 2008).

Where a more carefully drafted complaint might state a claim, a *pro se* plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citation omitted). A district court, however, is not required to permit amendment if, *inter alia*, "there has been . . . repeated failure to cure deficiencies by amendments previously allowed" or "amendment would be futile." *Id.*

4

The district court "may properly on its own motion dismiss an action as to defendants who would have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." *Loman Dev. Co., Inc. v. Daytona Hotel & Motel Suppliers, Inc.*, 817 F.2d 1533, 1537 (11th Cir. 1987) (citation omitted).

The district court did not abuse its discretion in dismissing with prejudice Marshall's sixth amended complaint. Her complaint did not make a short and plain statement of her claims; instead, it was a shotgun pleading that made it impossible to know which allegations of fact were intended to support which claims of relief. Although the district court provided Marshall with numerous opportunities to file an amended complaint that complied with the court's orders and basic procedural rules, Marshall failed to cure the deficiencies in her complaint, despite the court's warnings that such a failure would result in dismissal with prejudice.

Additionally, allowing Marshall another opportunity to amend her complaint would have been futile because her proposed seventh amended complaint would not have cured the deficiencies in her sixth amended complaint, but would have added only an additional demand for vicarious, joint, direct, and several liability. Accordingly, we affirm.

5

**AFFIRMED.**[1]

---

[1] We DENY Marshall's motion to file a reply brief with excess words and DENY AS MOOT the Appellees' motion to strike Marshall's proposed reply brief.