**Leon BRIGHT, Plaintiff–Appellant,**

v.

**Regina ZEIGLER, Officer, Erik Turner, Officer, Garfield Neal, Sergeant a.k.a. Gary, Bob Buckhorn, Mayor, Jane Castor, Chief of Police, et al., Defendants–Appellees.**

**No. 15–13666**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 22, 2016.

Leon Bright, Riverview, FL, pro se.

Before HULL, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Leon Bright appeals dismissal of his pro se 42 U.S.C. § 1983 complaint for failure to prosecute and denial of his motion for reconsideration. We vacate and remand.

## I. BACKGROUND

In his complaint, Bright alleged he was waiting at a bus stop when Sergeant Garfield Neal of the Tampa Police Department approached him. Bright declined to speak with Sergeant Neal and attempted to walk away, at which point Sergeant Neal struck him in the torso with a flashlight and violently threw him to the ground. Officers Erik Turner and Regina Zeigler arrived on the scene and assisted Sergeant Neal in his assault on Bright, although Bright had made no attempt to resist. The officers then conspired to fabricate charges against Bright to justify their unlawful use of excessive force against him. The charges ultimately were dismissed, but Bright lost his job and residence as a result of his arrest and incarceration; he also suffered physical injuries from the assault. Based on these facts, Bright asserted twelve federal and state law claims against the officers, the Chief of Police, the Mayor of Tampa, and the City of Tampa.

Bright filed a motion to proceed in forma pauperis and a motion to invoke the services of the clerk and federal marshals to make service. In a June 12, 2015, order, the district judge granted Bright's motion to proceed in forma pauperis and directed him to complete a summons form for each defendant and return the forms to the clerk within 20 days for service. On July 9, 2015, the district judge dismissed the case for failure to prosecute because Bright had failed to file service forms as directed in the June 12, 2015, order.

Bright filed a motion for reconsideration and asserted he had not received a copy of

the June 12, 2015, order at his home address; he offered to provide an affidavit from the owner of the home stating the order was never delivered. He further contended he had complied with the order because he had attached several completed summons forms to his motion to invoke the services of the marshals. Finally, he requested that the judge accept the summons forms attached to his motion for reconsideration. The district judge denied Bright's motion for failure to comply with the local rules and to file a memorandum of law in support of his motion.

On appeal, Bright argues the district judge erred and demonstrated bias in dismissing his case for failure to prosecute and denying his motion for reconsideration. He contends he never received the June 12, 2015, order; consequently, he did not willfully fail to comply with it. Furthermore, he provided the summons forms with his initial complaint and his motion for reconsideration, but the district judge ignored his attempts to comply with the order. Therefore, Bright requests the district judge's orders be reversed, and the judge be recused.

## II. DISCUSSION

We review a dismissal for failure to prosecute or to comply with a court order for abuse of discretion. *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir.2005); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir.1985). On a defendant's motion, a district judge may dismiss an action for failure to prosecute or to comply with a court order. Fed. R.Civ.P. 41(b). Such a dismissal, with certain exceptions not relevant here, operates as an adjudication on the merits. *Id.* This occurs when the order of dismissal fails to specify whether it is with or without prejudice. *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 534

(5th Cir.1978). District judges also possess the inherent authority to dismiss a case for want of prosecution sua sponte. *Betty K Agencies, Ltd.*, 432 F.3d at 1337. As with dismissals pursuant to a motion, a sua sponte dismissal operates as an adjudication on the merits unless otherwise specified. *See Costello v. United States*, 365 U.S. 265, 286–87, 81 S.Ct. 534, 545, 5 L.Ed.2d 551 (1961). Whether the case is dismissed on a motion or sua sponte, dismissal with prejudice is proper only when the judge finds there has been a clear pattern of delay or willful contempt and lesser sanctions would not suffice. *Betty K Agencies, Ltd.*, 432 F.3d at 1337–38.

A judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). To determine whether disqualification is warranted, we ask whether a disinterested observer fully informed of the grounds on which recusal was sought would entertain significant doubts concerning the judge's impartiality. *Bivens Gardens Office Bldg., Inc. v. Barnett Banks of Fla., Inc.*, 140 F.3d 898, 912 (11th Cir. 1998).

In this case, the judge's sua sponte dismissal of Bright's complaint for failure to comply with a court order and failure to prosecute operates as an adjudication on the merits, although the order did not specify whether the dismissal was with or without prejudice. *See Costello*, 365 U.S. at 286–87, 81 S.Ct. at 545; *Betty K Agencies, Ltd.*, 432 F.3d at 1337; *Kaspar Wire Works, Inc.*, 575 F.2d at 534. Therefore, the judge was required to make findings Bright had engaged in a clear pattern of delay or willful contempt, where lesser sanctions would not suffice. *Betty K Agencies, Ltd.*, 432 F.3d at 1337–38. The dismissal order did not make these findings, it stated only that Bright had failed to comply with the June 12, 2015, order

and file service forms for each defendant. The mere fact Bright had failed to file the necessary forms to perfect service on the defendants does not demonstrate a clear pattern of delay or willful contempt; there is nothing in the record to support that finding. *See Betty K Agencies, Ltd.*, 432 F.3d at 1340. Furthermore, there is nothing in the record to show lesser sanctions, such as a dismissal without prejudice, would have been inadequate. *See id.* at 1340–41 (explaining dismissal without prejudice is an appropriate lesser sanction for failure to complete service). Consequently, the district judge erred in dismissing Bright's complaint, because the dismissal operates as a dismissal with prejudice, and the judge failed to make the necessary findings to support that dismissal. *See Costello*, 365 U.S. at 286–87, 81 S.Ct. at 545; *Betty K Agencies, Ltd.*, 432 F.3d at 1337–38; *Kaspar Wire Works, Inc.*, 575 F.2d at 534. Therefore, we vacate the dismissal order and remand for further proceedings consistent with this opinion.

■ This case need not be reassigned to a different district judge on remand. Bright has not demonstrated recusal is warranted. The judge's ruling adversely to Bright, without more, does not create significant doubts regarding the judge's impartiality; Bright notes no other facts suggesting bias on the part of the district judge. *See Bivens Gardens Office Bldg., Inc.*, 140 F.3d at 912; 28 U.S.C. § 455.

**VACATED AND REMANDED.**