[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13822
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-00605-WS-C

VONEKA Q. NETTLES,

Plaintiff,

CEDRIC GOODLOE,

Plaintiff-Appellant,

versus

DAPHNE UTILITIES,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(May 11, 2017)

Before MARCUS, WILLIAM PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Cedric Goodloe, through counsel, appeals the district court's denial of his motion for sanctions and for a new trial in his employment discrimination suit brought under 42 U.S.C. §§ 1981 and 1983. He also contends the district court erroneously allowed the defendant, Daphne Utilities, to amend the joint pretrial document to include six new exhibits. We address each issue in turn.

## I. DISCUSSION

### A. Sanctions

Goodloe first asserts the district court abused its discretion by failing to sanction opposing counsel for intentionally using an invalid subpoena to access his confidential employment records from his former employer, Hargrove Engineering, nearly five months after discovery had closed and without notice to Goodloe. Through this subpoena, Daphne Utilities obtained an EEOC charge Goodloe had filed against Hargrove, and Daphne Utilities used the EEOC charge to impeach Goodloe at trial.

The district court did not abuse its discretion in denying any form of sanction against Daphne Utilities and defense counsel. *See Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009) (reviewing for abuse of discretion sanctions under 28 U.S.C. § 1927); *United States v. Samaniego*, 345 F.3d 1280, 1284 (11th

Cir. 2003) (reviewing for abuse of discretion sanctions under Fed. R. Civ. P. 16(f)); *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1048 (11th Cir. 1994) (reviewing for abuse of discretion sanctions under Fed. R. Civ. P. 37). First, nothing in the record suggests Daphne Utilities' conduct was tantamount to bad faith, such that sanctions under § 1927 are warranted. *See* 28 U.S.C. § 1927 (providing if an attorney unreasonably and vexatiously multiplies the proceedings in a case, the court may require the attorney to pay the excess costs, expenses, and attorney's fees incurred because of such conduct); *Amlong & Amlong P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007) (stating an attorney multiplies the proceedings through unreasonable and vexatious conduct only when the attorney's conduct is tantamount to bad faith). Second, though there is no dispute that Daphne Utilities violated the scheduling order by issuing the subpoena, the district court did not abuse its discretion in determining sanctions were not warranted under Rule 16, as Daphne Utilities' misconduct did not result in additional cost to Goodloe. *See* Fed. R. Civ. P. 16(f)(1)(C) (allowing for sanctions where, *inter alia*, a party fails to obey a scheduling order); *Samaniego*, 345 F.3d at 1284 (explaining district courts have discretion to decide whether there has been a pattern of delay or deliberate refusal to comply with court orders that warrants a sanction); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (stating Rule 16(f) sanctions are intended to punish lawyers and litigants for

3

conduct that unreasonably delays or interferes with the expeditious management of trial preparation).  Any additional cost Goodloe was required to expend could have been prevented had he timely objected to the admission of the evidence during trial.  Finally, Daphne Utilities did not violate Rule 26(a) by failing to disclose the Hargrove EEOC charge, such that sanctions are not warranted.  Fed. R. Civ. P. 26(a)(3)(A)(iii) (requiring the parties to identify before trial any document or exhibit it expects to offer at trial, unless the evidence is presented solely for impeachment).  Daphne Utilities disclosed its intention to use the document as an exhibit at trial, as it included the Hargrove EEOC charge in its exhibit list in the joint pretrial document.

*B. Amendment to Exhibit List*

Goodloe contends the district court abused its discretion by allowing Daphne Utilities, after the close of discovery, to amend its pre-trial disclosures to include six exhibits that had not been previously disclosed to Goodloe.  These exhibits were reports of ledger payroll and benefits accounts Goodloe worked with, and they contained handwritten notations where other employees had corrected Goodloe's errors.  Daphne Utilities presented this evidence at trial to show that Goodloe's work did not meet standards.  Goodloe asserts Daphne Utilities offered no reason as to why the exhibits were not included in its earlier filings and that he was prejudiced by Daphne Utilities' failure to disclose these exhibits.

The district court did not abuse its discretion in determining that Daphne Utilities' failure to include the six additional documents in its initial discovery did not warrant exclusion. *See Benson v. Tocco, Inc.*, 113 F.3d 1203, 1208 (11th Cir. 1997) (reviewing a district court's ruling regarding discovery for abuse of discretion). First, although Daphne Utilities did not include these documents in its initial disclosures, nothing in the record suggests that it failed to perform sufficient investigation prior to submitting its initial disclosures, such that it violated Rule 26(a). *See* Fed. R. Civ. P. 26(a)(1)(E) (providing a party must make its initial disclosures based on reasonably available information, and a party's failure to fully investigate a case does not excuse it from making the disclosures). Second, even if Daphne Utilities violated Rule 26 disclosure requirements, exclusion was not warranted as the failure to disclose was harmless. *See* Fed. R. Civ. P. 37(c)(1) (providing where a party fails to provide this information, the party is not allowed to use that information at trial unless the failure was substantially justified or is harmless). Daphne Utilities made clear in its summary judgment motion that it planned to assert that Goodloe was terminated based on his performance issues, such that Goodloe was on notice that his performance would be an issue at trial.

C.  *New Trial*

Goodloe asserts a new trial is warranted based on the misconduct of defense counsel for Daphne Utilities in obtaining Goodloe's confidential personnel records

5

from his prior employer, Hargrove Engineering, through "trickery and deceit."  He

argues new trials have been granted by federal courts due to attorney misconduct,

and defense counsel's use of the improperly obtained EEOC charge Goodloe had

filed against Hargrove clearly affected the trial, as it strengthened Daphne Utilities'

case.

The district court did not abuse its discretion in denying Goodloe's motion

for a new trial.  *See Lambert v. Fulton Cty., Ga.*, 253 F.3d 588, 595 (11th Cir.

2001) (reviewing the district court's denial of a motion for a new trial for abuse of

discretion).  First, as the district court determined, the record in this case does not

support that defense counsel acted maliciously or with bad faith in improperly

obtaining the subpoena.  Goodloe's argument, that the late issuance of the

subpoena was tactical and malicious, is simply conjecture.  Moreover, to the extent

he is arguing the admission of the document was an evidentiary error warranting a

new trial, his failure to object to its admission at trial is fatal to his claim.  *See*

*Proctor v. Fluor Enters., Inc.*, 494 F.3d 1337, 1349 (11th Cir. 2007) (explaining a

verdict will be reversed based on an evidentiary ruling only where a party can

establish, *inter alia*, that it adequately preserved its claim).

## II.  CONCLUSION

The district court did not abuse its discretion in refusing to sanction Daphne

Utilities bases on violations of the court's scheduling order, in permitting Daphne

Utilities to amend the joint pretrial document to include six additional exhibits, or in denying Goodloe's motion for a new trial.  We affirm the district court.

**AFFIRMED.**