[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13655
Non-Argument Calendar

_____

D.C. Docket No. 1:20-cv-22531-UU


ALEIDA LANZA,

                                       Plaintiff - Appellant,

versus

STATE OF FLORIDA,
GOVERNOR OF THE STATE OF FLORIDA,
in his official capacity,
ATTORNEY GENERAL, STATE OF FLORIDA,
in her official capacity,
SURGEON GENERAL, STATE OF FLORIDA,
in his official capacity,
HCA, INC.,
AFFILLIATE ASSET SOLUTIONS, LLC.,
a foreign (Delaware) subsidiary of Pendrick
Capital Partners Holdings, LLC, et al.,

                                       Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 25, 2021)

Before MARTIN, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Aleida Lanza, proceeding *pro se*, appeals the district court's order denying her motion to vacate the dismissal of her civil complaint and request to file a second amended complaint after she failed to comply with the district court's amendment orders and then failed to raise new grounds to re-open her case. Lanza does not deny that her filing was untimely but argues that the district court erred in denying her motion to amend her complaint and dismissing her complaint with prejudice because her proposed second amended complaint satisfied Rule 8 and Rule 20 of the Federal Rules of Civil Procedure as ordered by the district court. She also states that she pled a plausible excuse for her delays in filing, stating that her electronic equipment was damaged in a lightning storm. For the reasons explained below, we conclude that the district court did not abuse its discretion and affirm.

## I.    PROCEDURAL BACKGROUND

On June 19, 2020, Lanza filed a ninety-four-page complaint against dozens of businesses and individuals, including Florida state officials, health care providers,

2

and the University of Miami.  The district court, *sua sponte*, dismissed the complaint without prejudice and denied as moot all pending motions to dismiss.  The dismissal order explained that the complaint was a shotgun pleading that failed to meet Federal Rule of Civil Procedure 8's "short and plain statement" requirement because the complaint "is confusing, rambling, and any factual allegations are untethered from the elements of any causes of action."  For example, the district court found that "Lanza's claims for breach of contract in Counts III and IV are . . . unsupported by more than vague and scattershot 'mere conclusory statements.'"  The district court further stated that "the Complaint is rife with pleading deficiencies, so much so that basic comprehension of the document teeters on the edge of impossible.  In many cases, Lanza does not even tie the threadbare recitals of the elements of a cause of action to specific defendants."

The district court also found that the complaint ran afoul of Federal Rule of Civil Procedure 20's requirements for joinder of parties.  For example, the district court found that Lanza did not establish "that her claim for breach of contract against the University of Miami (Count III) arises from the same transaction or occurrence as her claim for broad injunctive relief against the State of Florida (Count II).  Similarly, there is no indication that there are questions of law or fact common to those defendants."

The dismissal order granted Lanza leave to amend the complaint by September 1, 2020. It also required that any amended complaint "allege[] SPECIFIC FACTS supporting her cause of action, contain[] NO REPETITIVE CONCLUSORY ALLEGATIONS, and otherwise fully compl[y] with the requirements of Federal Rules of Civil Procedure 8 and 20." (emphasis in original) The district court warned Lanza that the case may be dismissed without additional warning if Lanza did not file a complaint that complies with the relevant Federal Rules of Civil Procedure by the time specified.

On the September 1, 2020, deadline, Lanza filed a motion for a seventy-two-hour extension to file her amended complaint because a lightning strike damaged her internet router, interfering with her ability to research and write the complaint. The next day, the district court granted the motion and allowed Lanza until September 4, 2020, to file an amended complaint. That order also emphasized that any amended complaint must comply with Rules 8 and 20. The district court also explained that no further extensions would be granted.

Lanza missed that deadline, and the district court ordered that the case be closed and judgment be entered.[1] On September 18, 2020, Lanza filed a motion to vacate the order of dismissal, reopen the case, and allow her to file an amended

---

[1] Lanza did file an unsigned 168-page amended complaint on September 4, 2020. However, Lanza later explained that this was not the document that she intended to file.

complaint.  In the motion, Lanza argued that she was unable to rewrite the complaint in time due to lighting causing damage to her electrical equipment.  The same day, Lanza filed a 210-page proposed second amended complaint.  On September 22, 2020, the district court denied the motion to reopen the case, concluding that "the Court dismissed Plaintiff's Complaint for failure to comply with this Court's August 10 Order and for failing to file an amended complaint even with an extension of time" and that "Plaintiff has raised no new grounds for the Court to consider, and the Plaintiff may not now forcibly reopen this case."  This timely appeal followed.

## II.    STANDARD OF REVIEW

We review a denial of a motion to vacate under Federal Rule of Civil Procedure 60 for an abuse of discretion.  *Waddell v. Hendry Cnty. Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003).  A showing of "mistake, inadvertence, surprise, or excusable neglect" is required to vacate a final judgment or order.  Fed. R. Civ. P. 60(b)(1).  We also review a denial of leave to amend for an abuse of discretion.  *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999).

## III.    ANALYSIS

Although dismissal with prejudice is a drastic remedy, "[t]he court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits."  *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).  Because dismissal is an extraordinary remedy, "[p]rior to dismissing an action on its

own motion, a court must provide the plaintiff with notice of its intent to dismiss and an opportunity to respond." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1248 (11th Cir. 2015); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

The district court's order dismissing the original complaint explained the complaint's deficiencies and the consequences for not rectifying those deficiencies within the time specified. Specifically, the district court made clear when it dismissed the complaint that dismissal might be forthcoming should Lanza not file a compliant amended complaint by the deadline. Following that order, the district court entered another order after Lanza filed a motion seeking a seventy-two-hour extension to file her amended complaint because a lightning strike damaged her internet router. The district court's order granting the extension explicitly stated that no further extensions would be granted and further made clear that any amended complaint must comply with Rules 8 and 20 of the Federal Rules of Civil Procedure.

Because Lanza missed both the filing deadline and the pleading she eventually filed—a proposed second amened Complaint—failed to comply with Rules 8 and 20 of the Federal Rules of Civil Procedure, we cannot conclude that the district court abused its discretion in denying Lanza's motion to vacate the dismissal

of her civil complaint and request to file a second amended complaint. First, Lanza's motion failed to present a valid ground to justify vacating the district court's dismissal. Second, Lanza's conduct in this case exhibited a pattern of delay and willful conduct in pleading a valid claim, suggesting that a sanction lesser than dismissal would be an insufficient remedy. Additionally, as the district court had properly dismissed Lanza's complaint, her proposed second amended complaint—filed after the expiration of the district court's amendment deadline—was an unauthorized filing.

Given Lanza's failure to comply with the district court's amendment orders as well as the proposed second amended complaint's arguable failure to comply with the district court's instruction that any amended complaint comply with Rules 8 and 20, we cannot conclude that the district court abused its discretion in denying Lanza's motion to vacate the dismissal of her civil complaint and request to file a second amended complaint. We therefore affirm the district court.

**AFFIRMED**.

7