[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-10874

Non-Argument Calendar

_____

IVIN ROMON RICHARDSON,

Plaintiff-Appellant,

*versus*

JENNIFER BECK,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:18-cv-02004-LC-EMT

_____

Before WILSON, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Ivin Richardson, a Florida prisoner proceeding *pro se*, appeals the district court's dismissal of his complaint against defendant Jennifer Beck. After careful consideration, we vacate and remand for additional proceedings.

## I.

While Richardson was on probation in Florida, Beck served as his probation officer. In 2016, Beck allegedly prepared an affidavit stating that Richardson had failed to follow another probation officer's instructions and thus violated a condition of his probation. According to Richardson's complaint, Beck's affidavit was used to secure a warrant for his arrest. Richardson was arrested pursuant to the warrant; he alleged that he was later found not guilty of violating the terms of his probation. Richardson then sued Beck under 42 U.S.C. § 1983, bringing a malicious prosecution claim.

Beck filed a motion to dismiss the complaint. Along with her motion, she filed several exhibits related to Richardson's arrest and probation revocation proceedings. Because Beck was relying on evidentiary materials, the magistrate judge converted her motion to dismiss to a motion for summary judgment and directed Richardson to file a response within 30 days.

Beginning in April 2020, Richardson filed several motions to extend the deadline for his response. He stated that he needed

21-10874                Opinion of the Court                3

additional time because of COVID-19 related shutdowns at the prison law library. After extending the deadline several times, the magistrate judge advised Richardson that it was granting a "*final* extension of time." Doc. 37 (emphasis in original).[1]

Shortly after the magistrate judge gave this warning, Richardson was moved to a new prison. He filed another motion requesting an extension of time, explaining that he needed additional time because of the transfer and because he had been unable to access the law library at the new prison. The magistrate judge granted the motion, finding that Richardson had demonstrated "extraordinary circumstances beyond his control, including an unanticipated transfer to another facility." Doc. 40.

When Richardson then requested an additional extension of time, Beck opposed the request and submitted evidence showing that Richardson had access to law library materials at the new prison. She noted that the court could "sanction [Richardson] for his lack of candor" regarding his access to the prison's law library. Doc. 43 at 5.

The magistrate judge entered a report and recommendation that the court dismiss the case without prejudice for Richardson's "failure to comply with an order of the court and failure to prosecute." Doc. 44 at 4. The magistrate judge found that Richardson had failed to comply with the court order directing him to respond

---

[1] "Doc." numbers refer to the district court's docket entries.

to Beck's summary judgment motion and failed to prosecute the case by not responding to the summary judgment motion. The magistrate judge also agreed with Beck that Richardson had exhibited a lack of candor regarding the statements he made about the availability of the law library and legal materials at his new prison.

Richardson objected to the recommendation. In February 2021, after considering the objection, the district court adopted the magistrate judge's recommendation and dismissed the case without prejudice. This is Richardson's appeal.

## II.

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to "prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). We review a dismissal under Rule 41(b) for abuse of discretion. *See Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).

The district court labeled its dismissal as being without prejudice. But when a complaint is dismissed and the statute of limitations bars the plaintiff from refiling, we review a dismissal without prejudice as though it were a dismissal with prejudice. *See Mickles v. Country Club, Inc.*, 887 F.3d 1270, 1280 (11th Cir. 2018) (explaining that when a dismissal without prejudice "has the effect of precluding a plaintiff from refiling his claim due to the running of the statute of limitations, the dismissal is tantamount to a dismissal with prejudice" (internal quotation marks omitted)). Here, a four-year statute of limitations applied to Richardson's § 1983 claim. *See*

*Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). When the district court dismissed Richardson's complaint in February 2021, more than four years had passed since Beck prepared the arrest affidavit with the false information and Richardson was arrested for violating the terms of his probation. Because it appears that the statute of limitations barred Richardson from refiling his malicious prosecution claim against Beck, we must treat the district court's dismissal as a dismissal with prejudice.

We have described a dismissal with prejudice under Rule 41(b) as a "sanction of last resort, applicable only in extreme circumstances." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Dismissal with prejudice is an appropriate sanction only when (1) "there is a clear record of delay or willful contempt" and (2) "a finding that lesser sanctions would not suffice." *Id.* (internal quotation marks omitted). We "occasionally have found implicit in an order the conclusion that lesser sanctions would not suffice." *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989). But when there is no explicit finding and we are unable to infer from the substance of the district court's order that it made an implicit finding that a lesser sanction would not suffice, we must vacate and remand. *See id.* at 102–03.

In this case, the district court made no explicit or implicit finding that lesser sanctions would not suffice. Indeed, it appears that the district court believed that the complaint was simply being dismissed without prejudice. There is no indication in the district court's order (or the magistrate judge's report and

recommendation that the district court adopted) that the court recognized that due to the running of the statute of limitations the dismissal was effectively with prejudice and that the court needed to consider whether a lesser sanction would suffice. Given the absence of any explicit or implicit finding about whether lesser sanctions would suffice, we must vacate and remand for further proceedings. *See id.*

**VACATED AND REMANDED.**