[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12621

Non-Argument Calendar

_____

ROY MCCORMICK,

Plaintiff-Appellant,

*versus*

IGIA, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cv-01270-CEM-DCI

_____

Before JILL PRYOR, BRANCH, and BLACK, Circuit Judges.

PER CURIAM:

Roy McCormick, *pro se*, appeals the district court's order dismissing his diversity complaint raising personal injury and product liability claims. He asserts the district court erred by dismissing his claims because "exigent and extraordinary circumstances" prevented him from filing a case management report before the court's deadline in accordance with Middle District of Florida Local Rule 3.02. After review, we vacate and remand.

We review a district court's dismissal of an action for failure to comply with its order for an abuse of discretion. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). A district court may dismiss a case *sua sponte* for failure to comply with a court order, either pursuant to Rule 41(b),[1] or under its inherent power to manage its docket. *Id.* Still, a district court abuses its discretion when it *sua sponte* dismisses a civil action with prejudice where (1) the court fails to make a finding the plaintiff acted willfully or a lesser sanction would not have sufficed, and (2) nothing in the record supports a finding the plaintiff acted willfully or a lesser sanction would not have sufficed. *Id.* at 1338-42. While we have remanded cases in which there has been no finding on the efficacy of sanctions less severe than dismissal, we have also

---

[1] "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

affirmed dismissal under Rule 41(b) when the record supported an implicit finding that any lesser sanctions would not serve the interests of justice. *Mingo v. Sugar Cane Growers Co-op. of Fla.*, 864 F.2d 101, 102-03 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). In contrast, a district court does not abuse its discretion by dismissing a case without prejudice for even a single procedural violation because the party may refile its complaint. *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983).

Middle District of Florida Local Rule 3.02 provides "the parties . . . must file a case management report using the standard form from the clerk or on the court's website." M.D. Fla. L.R. 3.02(a)(2). Rule 3.02 also provides the parties must file the case management report "within forty days after any defendant appears in an action originating in this court," or "within forty days after the docketing of an action removed or transferred to this court." M.D. Fla. L.R. 3.02(b)(1)-(2).

The district court abused its discretion by *sua sponte* dismissing McCormick's case for his failure to comply with the court's standing order. Although McCormick's case was dismissed without prejudice, the statute of limitations has run,[2] making this the

---

[2] Under Florida law, "[a]n action for injury to a person founded on the design, manufacture, distribution, or sale of personal property that is not permanently incorporated in an improvement to real property, including fixtures" must be brought within 4 years. Fla. Stat. § 95.11(3)(d). Likewise, claims relying on a theory of statutory liability must also be brought within 4 years. Fla. Stat.

functional equivalent of a dismissal with prejudice. *See* Fla. Stat. § 95.11(3).

The district court failed to make a finding McCormick acted willfully or a lesser sanction would not have sufficed, and nothing in the record supports such a finding. *See Betty K Agencies*, 432 F.3d at 1338-42. McCormick's response to IGIA's motion to dismiss—which he filed less than 2 weeks before the court's dismissal order—shows McCormick's willingness to actively prosecute his case. Additionally, when sent a disclosure statement by the court, McCormick completed and filed it. Finally, the rule requires the parties, not solely the plaintiff, file the case management report, and nothing in the record indicates IGIA filed a case management report or attempted to get McCormick to complete one and McCormick refused or was otherwise unwilling to complete and file one. *See* M.D. Fla. L.R. 3.02(a)(2).

**VACATED AND REMANDED.**

---

§ 95.11(3)(e). Finally, any action not specifically provided for in § 95.11, must be brought within 4 years. Fla. Stat. § 95.11(3)(o).