**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-14233

_____

GS HOLISTIC, LLC,

*Plaintiff-Appellant,*

*versus*

ZAIDAL BLUE SKY INVESTMENTS CORP,
   d.b.a. I Lava You,
WISAM MHESSIN,
FADI SHAHLA,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:22-cv-01217-HES-SJH

_____

Before NEWSOM, LAGOA, and KIDD, Circuit Judges.

PER CURIAM:

The district court dismissed GS Holistic's (GS) case without prejudice because its lawyer failed to attend the final pretrial conference as the court had expressly instructed. GS appeals the dismissal. We **AFFIRM**.

**I**

As part of normal pre-trial proceedings, the district court issued an order on June 7, 2023 scheduling the final pretrial conference in this case for October 16, 2024. The scheduling order warned, in bolded and underlined typeface, "**Failure by counsel . . . to appear at the Final Pretrial Conference . . . will subject the party or attorney to appropriate sanctions under the rules, and may cause dismissal or striking of all pleadings of the failing party or person**." Dist. Ct. Order, June 7, 2023, at 11.

Three months after the court issued the order, David Perry took over as GS's lead counsel. A year after that, the final pretrial conference took place as scheduled. But neither Perry nor any other representative from his firm—the Ticktin Law Group—attended the conference.

Consistent with the scheduling order's warning, the district court dismissed GS's suit without prejudice. Notably, in so doing, the court explained that "dismissal [was] warranted" because "counsel's absence at the final pretrial conference [was] merely part of the Ticktin Law Group's long history of violating court orders and rules." Dist. Ct. Order, Oct. 23, 2024, at 5.

The court subsequently denied GS's motion for reconsideration. This is GS's appeal.

## II

We review a court's decision whether to impose sanctions under Federal Rule of Civil Procedure 16(f) for abuse of discretion. *See United States v. Samaniego*, 345 F.3d 1280, 1284 (11th Cir. 2003). Where, as here, the court dismisses a case without prejudice, it "will rarely be found to have abused its discretion" because "the plaintiff is ordinarily permitted to simply refile." *McNair v. Johnson*, 143 F.4th 1301, 1306 (11th Cir. 2025).

"Federal courts have the inherent authority to 'fashion an appropriate sanction for conduct which abuses the judicial process.'" *Trump v. Clinton*, 161 F.4th 671, 688 (11th Cir. 2025) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)). "This authority arises from the 'control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Id.* (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).

Pursuant to this "inherent power," Rule 16(f) expressly authorizes sanctions for an attorney's failure to attend a pretrial conference. "[T]he court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . *fails to appear at a scheduling or other pretrial conference*." Fed. R. Civ. P. 16(f)(1)(A) (emphasis added). The sanctions authorized by Rule 37(b) specifically include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).

"The sanctions contained in Rule 16(f) were designed to punish lawyers and parties for conduct which unreasonably delays

or otherwise interferes with the expeditious management of trial preparation." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). "[D]istrict courts have discretion to decide if there is a pattern of delay or a deliberate refusal to comply with court orders or directions that justifies a sanction." *Samaniego*, 345 F.3d at 1284. "The court could . . . use[] the sanction of dismissal to punish counsel for his disregard of the court's orders[.]" *Goforth*, 766 F.2d at 1535.

In *McNair*, we held that the district court didn't abuse its discretion when it dismissed a plaintiff's suit for "fail[ing] to comply with the complaint form's explicit instructions," which required the plaintiff to recount his prior litigation history. 143 F.4th at 1308. Because the form had "clearly stated" that failure to do so "may result in the dismissal of th[e] case," we concluded that "[d]ismissal without prejudice was an appropriate exercise of the district court's inherent authority to manage its docket and enforce the local rules." *Id.* (citation modified).

*McNair* controls this case. As in that case, the district court here gave the parties "explicit instructions" regarding litigation conduct and informed them of the potential consequences of disregarding its orders. The district court set a time and date for the final pretrial conference and clearly stated in its order that a lawyer's failure to attend could lead to dismissal. GS's lawyer didn't attend, so the court dismissed the case without prejudice. It was well within its discretion to do so.

**AFFIRMED.**