[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 16-12060
Non-Argument Calendar

————————————————

D.C. Docket No. 5:13-cv-00153-MTT

DAE EEK CHO,

Plaintiff - Appellant,

versus

UNITED STATES OF AMERICA,

Defendant - Appellee.

————————————————

Appeal from the United States District Court
for the Middle District of Georgia

————————————————

(May 3, 2017)

Before HULL, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Plaintiff Dae Eek Cho, proceeding pro se and in forma pauperis, appeals the district court's grant of summary judgment in favor of the United States in an action for assault, battery, false arrest, false imprisonment, and intentional or negligent infliction of emotional distress under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 (b) and 2671, et seq. Cho asserts that the district court erred: (1) in denying her motions to compel government discovery; and (2) in failing to recuse from her suit. After thorough review, we find no error and affirm.

## I. BACKGROUND

**A.    Factual Background**

Cho is a Korean national. On February 12, 1999, Cho was granted a six-month U.S. tourist visa, which expired on August 10, 1999. Cho overstayed her visa. She became subject to removal pursuant to 8 U.S.C. § 1227.

Years later, Cho was arrested for shoplifting, and she was jailed in Gwinnett County, Georgia. On January 30, 2011, an immigration officer at the Gwinnett County Detention Center ("GCDC") encountered Cho and learned of her immigration status. Cho was then scheduled for an immigration hearing on April 27, 2011. On April 27, 2011, Cho was transferred from the GCDC into Immigration and Customs Enforcement ("ICE") custody.

From this point forward, Cho's amended complaint includes allegations detailing mistreatment by government officials. According to Cho's amended

2

complaint, on April 27, 2011, an unknown woman told Cho to enter a white van. The woman took Cho to a medical facility, where she was given an x-ray and a medical examination without explanation. Cho was then taken to a facility of unknown whereabouts. On April 28, 2011, the next day, Cho was jailed in Gainesville, Georgia. On April 29, 2011, an ICE agent appeared at the jail and informed Cho that she would have a court appearance in two weeks. For the period from April 27, 2011 to April 29, 2011, Cho alleges that she was not aware that she was in ICE custody.

On May 11, 2011, Cho appeared at an immigration hearing in Atlanta, Georgia. Cho's amended complaint alleges that, the night prior, she was transported to Atlanta on a bus. Following her transport, she was placed in a holding cell that was "filthy smelly an[d] unfit for animals." The holding cell was "almost freezing," but Cho was allowed only one t-shirt to wear for warmth. Cho's amended complaint also alleged that the holding cell restroom was open to the view of ICE agents and that occupants had to "hide and crunch down to obscure themselves" while using the restroom. Cho remained in the holding cell until her hearing at 1:00 p.m. on May 11. During this time, Cho received one "cold bologna sandwich" in the twelve hours preceding her hearing.[1]

---

[1]In an April 27, 2015 affidavit, Cho stated that she received substantially similar treatment prior to additional immigration hearings on eight separate occasions (May 25, 2011;

Around 1:00 p.m. on May 11, 2011, Cho's immigration hearing began. Cho's husband was present at this hearing. During the hearing, Cho and her husband stated that Cho was a cancer patient and was in need of medical treatment.[2] Cho was instructed to contact ICE agent Nadia Arabi for treatment following the hearing. Cho attempted to do so, and her husband made repeated telephone calls to Arabi. However, Arabi did not respond to the calls, leading Cho and her husband to raise the issue with ICE supervisors and to attempt notifying the immigration court. Cho's amended complaint alleges that Cho ultimately did not receive medical treatment until October 2011, approximately five months after her first request. Cho and her husband allege that Cho suffered a cancer relapse as a result of this lack of treatment but cite no medical records or physician testimony in support of this claim. Cho remained in ICE custody following her May 11, 2011 hearing.

On or around October 15, 2011, a fight between two women broke out in Cho's ICE detention center. According to Cho's amended complaint, Cho was not

---

June 8, 2011; July 7, 2011; September 14, 2011; October 28, 2011; December 8, 2011; February 14, 2012; and February 21, 2012).

[2]According to an examining psychotherapist, in 2007, Cho was diagnosed with cancer and underwent several rounds of chemotherapy and radiation treatments. During the first six months of her ICE detention, Cho was denied necessary cancer medication (tamoxifen). The psychotherapist noted that Cho's cancer had been a "significant contributor" to Cho's mental difficulties but did not mention any requirement of ongoing treatment.

involved in the fight and was twenty feet from the altercation.[3] However, ICE agents rushed into the room and pushed Cho up against a brick wall. Cho's amended complaint alleges that the ICE agents "assaulted and terrorized her" during this incident.

On December 8, 2011, Cho appeared before the immigration court for another hearing. As Cho left immigration court, ICE agent Anthony Settle escorted Cho to the elevator area of the court building. Settle removed his gun, held it at a position "parallel . . . to [Cho]" and angrily asked Cho, "who told you that you[r] husband was coming to court today?" Cho became fearful for her life, and another ICE agent confronted Settle about his behavior. When Cho later arrived back at the detention center, she was emotionally distraught, and she spent the night of December 8, 2011 at the detention center's medical facility for "medical treatment and suicidal observation."

Cho's amended complaint alleges that, during the course of her detention, she was repeatedly denied access to the courts on May 25, 2011, June 8, 2011, June 29, 2011, July 7, 2011, September 14, 2011, and October 28, 2011.[4] Ultimately, on February 21, 2012, an immigration judge granted Cho an immigration waiver and adjusted her immigration status to that of a lawful

---

[3]In a January 2, 2014 deposition, Cho contrarily testified that she was involved in the incident, but that "[i]t wasn't a physical argument. It was a verbal argument."

[4]Contrarily, in a December 20, 2013 deposition, Cho testified that she was never denied access to the immigration court.

permanent resident, pursuant to sections 212(h) and 245 of the Immigration and Nationality Act ("INA"). 8 U.S.C. §§ 1182(h), 1255.

## B.    Procedural History

On May 1, 2013, Cho filed a complaint against the government and various John and/or Jane Does, alleging a variety of constitutional claims under the FTCA and the Federal Civil Rights Act of 1964. On October 2, 2013, Cho filed an amended complaint against the government, alleging claims of assault, battery, false arrest, false imprisonment, and negligent or intentional infliction of emotional distress under the FTCA. See 28 U.S.C. §§ 1346(b) and 2671, et seq. Cho alleged that she was falsely imprisoned during her detention for removal proceedings, that she was assaulted during her trips to the immigration court and in her interaction with Settle, and that she suffered severe emotional distress due to the conditions of her detention and the government's delay in providing medical treatment.

## C.    Discovery Responses

On November 19, 2013, the district court entered a scheduling order, requiring discovery to be completed by April 18, 2014. On January 22, 2014, the government mailed its initial discovery disclosures to Cho at the address listed in her amended complaint: P.O. Box 27193, Macon, GA 31221. In or around March 2014, the government received an updated address from Cho: 150 Graystone

6

Circle, Macon, GA 31211.[5] On March 24, 2014, Cho sent the government a set of interrogatories. On March 27, 2014, the government filed a response letter to Cho's interrogatories, directing her to the government's January 22, 2014 initial disclosures. The government also gave notice that it would be mailing another copy of these disclosures to Cho's new Graystone Circle address.

On April 3, 2014, Cho filed a motion to compel discovery, asserting that the government failed to respond to her interrogatories. On April 18, 2014, the government replied, arguing that Cho did not provide discovery requests until March 24, 2014, which would not have given the government sufficient time to respond before the discovery period closed on April 18, 2014. However, the government agreed to respond to discovery by April 24, 2014—within the thirty day response period Cho had outlined in her March 24, 2014 interrogatories— because Cho was proceeding pro se and "may not be aware of the customary practice." On April 23, 2014, the government mailed its responses to Cho's interrogatories to her Graystone Circle address.

---

[5]In her original complaint, Cho lists her mailing address at P.O. Box 27193, Macon, GA 31221. However, on April 2, 2014, government counsel filed a letter informing the district court that, some weeks before, Cho or her husband had provided the government with an updated address for Cho: 150 Graystone Circle, Macon, GA 31211.

In June 2014, Cho filed a change of address notification with the district court clerk, updating her address to 3916 Davis Circle, Duluth, GA 30096. On February 10, 2015, the clerk's office received notice that mail sent to this address was being returned as undeliverable. On February 25, 2015, Cho filed an additional change of address notification with the district court clerk, updating her address to 1401 Old Peachtree Road, N.W., Suwanee, GA 30024.

7

On May 19, 2014, the district court issued an order denying Cho's motion to compel discovery as moot, reasoning that the government had already supplied the discovery that Cho requested.

On May 20, 2014, Cho mailed a response to the district court, stating that she never received the responses to her interrogatories from the government. Cho listed her Graystone Circle address as her return address in this response. On May 27, 2014, the government again filed its responses to Cho's interrogatories, showing that they were mailed to Cho's Graystone Circle address on April 23, 2014.

On July 22, 2014, Cho filed a second motion to compel discovery, repeating her claim that she had not received the government's response to her interrogatories. With that motion, Cho listed a new return address of 3916 Davis Circle, Duluth, GA 30096. The government responded by referencing its April 23, 2014 mailing of the requested responses to Cho at her then-listed Graystone Circle address. The district court denied Cho's second motion to compel discovery, determining that the government had, again, already responded to Cho's discovery requests.

**D.    Recusal and Misconduct Motions**

Between June 2, 2014 and September 22, 2014, Cho filed six motions seeking to disqualify the district court judge or to have him recuse himself,

8

pursuant to 28 U.S.C. §§ 144 and 455. Throughout the motions, Cho alleged that the district court judge "has a deep seated bias against anyone who would have the audacity to sue a federal judge," exhibits "a complete lack of impartiality," and has had a prior "cozy relationship" with the Department of Justice. Cho also alleged that the district court judge improperly denied her discovery and demonstrated bias against her in this case by making statements such as: "Cho's claims may be easily defeated on Motion for Summary Judgment;" "If the defendants would have filed a motion to dismiss it would have been granted;" and "Cho's fifth amendment due process rights are not coexistent with a citizen." In one such motion, Cho stated that "she is doing everything in her power to remove [the district court judge] from this case" and that the motion was "about as personal as it gets." In a separate motion, filed on September 11, 2014, Cho asserted that, if the district court did not respond to a recusal motion by September 15, 2014, Cho would ask "local news affiliates . . . to investigate an [sic] report on findings and complaints made herein."

Separately, between August 18, 2014 and August 26, 2014, Cho filed eleven separate "notices" of judicial misconduct against the district judge, alleging undue delay in the response to Cho's filed motions. Cho filed copies of the same notice on several consecutive days, and the notices included instructions to the district court to "Do your job here!" Cho indicated that she would "follow up this pleading

9

with others numerous in number until [she] receives the response she is entitled to under the law."

On October 10, 2014, the district court denied Cho's motions for recusal and disqualification. The district court determined that Cho failed to meet the procedural requirements for recusal under 28 U.S.C. § 144 because Cho did not file a proper affidavit stating the facts and the reasons for the belief that bias or prejudice existed. The district court further determined that, even if Cho's motions had not been procedurally deficient, they would fail to meet the requirements of 28 U.S.C. § 144 because Cho failed to show evidence of bias apart from the district court's prior rulings in favor of the government.

The district court also denied Cho's § 455 claim, reviewing each of her complaints in detail and determining that Cho did not present evidence suggesting any "extrajudicial" bias, as required. The district court addressed Cho's objections to certain statements in a motion-to-dismiss order and explained that the statements were limited to issues about the evidence presented.

## E.    Summary Judgment

On May 19, 2014, amidst the various filings addressing Cho's discovery requests, the government filed a motion for summary judgment. The government argued that Cho's false arrest and false imprisonment claims were procedurally barred by the INA, that Cho's claims relating to her medical treatment were

10

procedurally barred by the FTCA, and that her remaining claims failed as a matter of Georgia law.

In April 2015, nearly a year later, Cho filed a response to the government's motion for summary judgment. Cho argued that summary judgment was improper because the government failed to respond to Cho's March 24, 2014 interrogatories, because Cho was improperly denied bail and due process throughout her detention, and because the detention facility employees' "outrageous" and "severe" conduct caused her emotional distress.

On April 21, 2016, the district court granted the government's motion for summary judgment. The district court determined that Cho's false arrest and false imprisonment claims were procedurally barred under the INA, as argued by the government in its motion for summary judgment. See 8 U.S.C. § 1252(g). The district court also determined that Cho's assault claim failed as a matter of law because Cho failed to show that the actions complained of would reasonably be considered assault. The district court determined that the intentional infliction of emotional distress claims failed as a matter of law because Cho's amended complaint did not allege sufficiently outrageous conduct and because it was undisputed that Cho did not suffer a physical impact, as required for relief under Georgia law.

On April 29, 2016, Cho, acting pro se, timely appealed.

11

## II. DISCUSSION

On appeal, Cho does not designate a list of issues for review. Rather, Cho

presents the following summary of her argument:

> Throughout this entire case the plaintiff has complained to this judge about the governments [sic] stonewalling and denials of discovery. This judge denied repeated requests for discovery only to be denied, while ultimately Granting A Motion for Summary Judgment in this case. This judge has exhibited a predisposed disposition to dismiss this case from its inception and has openly made those statements throughout this case.

Moreover, Cho dedicates her brief on appeal to general assertions that the district

court: (1) erred in denying her motions to compel discovery; and (2) demonstrated

bias against her, to the detriment of her constitutional rights.[6]

"We read liberally briefs filed pro se." Lorisme v. INS, 129 F.3d 1441, 1444

n.3 (11th Cir. 1997). Out of an abundance of caution, we address the two

arguments mentioned above, which Cho outlined in her appellate brief.

## A.    Motion to Compel Discovery

This Court reviews a district court's denial of a motion to compel discovery

for an abuse of discretion. Holloman v. Mail-Well Corp., 443 F.3d 832, 837 (11th

Cir. 2006). "This means that a district court is allowed 'a range of choice' in such

matters, and we will not second-guess the district court's actions unless they reflect

---

[6]To the extent that Cho raises additional issues in her reply brief on appeal, we need not, and do not, address them. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) ("[W]e do not address arguments raised for the first time in a pro se litigant's reply brief.")

a 'clear error of judgment.'" Id. (quoting United States v. Kelly, 888 F.2d 732, 745 (11th Cir. 1989)).

In this case, the district court denied Cho's April 3, 2014 motion to compel discovery after learning that the government already mailed Cho's requested discovery—the government responses to interrogatories—to Cho on April 23, 2014. The district court denied Cho's second motion to compel discovery on the same basis, noting that the government had already responded to this motion and reminded Cho of the government's April 23, 2014 mailing, which provided the responses that Cho sought.

On this basis, the district court did not abuse its discretion in denying Cho's motions to compel discovery. Although Cho asserts that she did not receive the disclosures, the government included certificates of service showing delivery of the disclosures to Cho's Graystone Circle address. And to the extent that Cho no longer lived at this address, she gave no notice of an address change until June 2014.

Indeed, just prior to the government's April 23, 2014 mailing of the requested discovery, government counsel notified the district court that Cho had recently updated her address to the Graystone Circle address. Even further, when Cho mailed her May 20, 2014 response to the district court, objecting to the district court's denial of Cho's first motion to compel discovery, Cho herself listed the

13

Graystone Circle address as her mailing address. Ultimately, Cho provides no proof to contradict the government's certified delivery of the requested discovery to Cho's then-current address. Accordingly, the district court did not abuse its discretion in denying Cho's motions to compel discovery on the understanding that the government already provided the discovery at issue.

## B.    Recusal

This Court reviews a judge's failure to recuse himself for an abuse of discretion. Murray v. Scott, 253 F.3d 1308, 1310 (11th Cir. 2001). Although Cho does not specify her legal theory for recusal on appeal, we address the two theories raised by Cho before the district court: 28 U.S.C §§ 144 and 455. See Lorisme, 129 F.3d at 1444 n.3.

Section 144 provides that, when a party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against him[,] . . . another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. Relief pursuant to this section requires a filed affidavit, which must "state the facts and the reasons for the belief that bias or prejudice exists." Id.

Alternatively, under § 455, a judge may disqualify himself if his "impartiality might reasonably be questioned" or if he has a "personal bias or prejudice" against a party. Id. § 455(a), (b)(1). In contrast to relief under § 144,

14

relief under § 455 does not require an affidavit. Recusal is appropriate if "an objective, disinterested, lay observer fully informed of the facts . . . would entertain a significant doubt about the judge's impartiality." Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting McWhorter v. City of Birmingham, 906 F.2d 674, 678 (11th Cir. 1990)). The bias "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." Jaffe v. Grant, 793 F.2d 1182, 1188-89 (11th Cir. 1986) (quoting United States v. Grinnell Corp., 384 U.S. 563, 583, 86 S. Ct. 1698, 1710 (1966)). "Neither a trial judge's comments on lack of evidence, rulings adverse to a party, nor friction between the court and counsel constitute pervasive bias." Hamm v. Members of the Bd. of Regents, 708 F.2d 647, 651 (11th Cir. 1983).

In this case, it is undisputed that Cho did not file an affidavit detailing her allegations of bias against the district court judge. Accordingly, Cho's § 144 claim fails as a matter of law. See 28 U.S.C. § 144.

As to Cho's § 455 claim, Cho's brief cites a number of district court statements about procedural hurdles in the case as evidence of the district court's bias, such as: "[A] record must be compiled by the litigants before Summary Judgment would be appropriate," "[I]f you leave here today your case will be dismissed," and "A rule 11 violation is grounds for dismissal." Cho's brief also

15

directs this Court to consider additional statements "throughout this case," such as the district court's statement that, "Cho's fifth amendment due process rights are not coexistent with a citizen."

However, Cho presents no evidence that the district judge harbored any bias against her. In contrast, Cho's cited evidence points exclusively to the nature of her case or to the penalties that might result from her failure to comply with the district court's orders. The district court judge's comment about Cho's potential dismissal for leaving a hearing relates to Cho's previous failure to appear at multiple hearings. It is well settled that the district court has discretion to dismiss a lawsuit when it finds clear delay or willful contempt. See Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985).  Moreover, the district court's statement about Cho's Fifth Amendment rights presents no inference of personal animus towards Cho. On the contrary, the statement in question was a quote from the Ninth Circuit Court of Appeals, used to explain the extent of a certain remedy available to Cho.[7]

Without additional evidence, Cho fails to demonstrate that the district court judge exhibited an extrajudicial bias against her. See Jaffe, 793 F.2d at 1188-89. Accordingly, the district court judge also did not abuse his discretion in choosing not to recuse himself from the case.

---

[7]See Mirmehdi v. United States, 689 F.3d 975, 981 (9th Cir. 2011) ("It is well established that immigrants' remedies for vindicating the rights which they possess under the Constitution are not coextensive with those offered to citizens.").

16

## III.  CONCLUSION

For all of the above reasons, we affirm the district court's order granting summary judgment in favor of the government.

**AFFIRMED.**