[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16331
Non-Argument Calendar

_____

D.C. Docket No. 2:15-cv-00134-RWS

MAJOR FORTSON,
LAURA FORTSON,

Plaintiffs-Appellants,

versus

CITY OF BALDWIN,
JERRY NEACE,
in his official and individual capacities,
JOE DAVIDSON,
in his official and individual capacities, et al.

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 19, 2017)

Before JORDAN, ROSENBAUM and ANDERSON, Circuit Judges.

PER CURIAM:

Major and Laura Fortson, two individuals proceeding pro se, appeal the district court's dismissal of their 42 U.S.C. § 1983 complaint as a sanction for misconduct in discovery.[1] On appeal, the Fortsons argue that the district court was without authority to dismiss their constitutional claims based on their failure to comply with discovery requests and procedural rules. As discussed below, we affirm the district court.

We review the district court's decision to dismiss a case based on discovery misconduct and failure to comply with court rules for an abuse of discretion. Wouters v. Martin Cty., 9 F.3d 924, 929 (11th Cir. 1993); Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006). "Discretion means the district court has a 'range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" Zocaras, 465 F.3d at 483 (quoting Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). We review the district court's findings of fact for clear error. Id.

Pro se parties are subject to the Federal Rules of Civil Procedure and other court rules. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). The Rules

---

[1] The Fortsons also purport to appeal the district court's dismissal of Defendant Robert A. Snead based on judicial immunity. But they fail to include an argument regarding this issue in their brief. The Fortsons have therefore abandoned their appeal of this issue. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) ("[I]ssues not briefed on appeal by a pro se litigant are deemed abandoned.").

2

provide for sanctions, including dismissal of an action, when a party fails to obey a discovery order or serve its answers to interrogatories. Fed. R. Civ. P. 37(b)(2)(A)(v), (d)(1)(A)(ii), (d)(3). A district court may also dismiss an action based on the plaintiff's failure to comply with court rules. Fed. R. Civ. P. 41(b). But "[d]ismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." Zocaras, 465 F.3d at 483 (alteration in original) (quoting Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir.1985)). Before dismissing an action, a district court must find that the plaintiff's failure was willful or in bad faith and that lesser sanctions would not have sufficed. See Wouters, 9 F.3d at 933–34.

Here, the district court did not abuse its discretion by dismissing the Fortsons' claims with prejudice. First, the record supports the district court's finding that the Fortsons willfully failed to adequately respond to discovery. The court warned the Fortsons that it could dismiss their complaint for failure to comply with the Federal Rules of Civil Procedure and other court rules. And Defendants' counsel directed the Fortsons to Federal Rules of Civil Procedure 33, 34, and 37. Yet the Fortsons failed to respond to Defendants' interrogatories and requests for production beyond referring Defendants to their complaint and attached exhibits. The court then specifically ordered the Fortsons to respond to Defendants' discovery requests and reminded them that failure to do so could

result in dismissal of the action.  The Fortsons again responded to many of the requests by generally referring Defendants to their previous filings in this action.

The Fortsons do not offer an explanation for their failure to comply with the discovery requests or the district court's order.  Rather, they appear to argue that the district court abused its discretion by dismissing their action because of the merits of their constitutional claims.  But "the probable merit of a litigant's case does not preclude the imposition of" sanctions for a failure to comply with discovery orders or court rules.  Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1544 (11th Cir. 1993).  Regardless of the Fortsons' likelihood of success on the merits, the district court was authorized to sanction the Fortsons for their failure to cooperate with discovery and obey its orders.  See Fed. R. Civ. P. 37(b)(2)(A)(v), (d)(1)(A)(ii), (d)(3).

Additionally, the record supports the district court's finding that lesser sanctions than dismissal would have been ineffective.   The Fortsons' filings in the district court and this Court demonstrate their unwillingness to comply with procedural rules.  The district court concluded that Defendants were prejudiced by the Fortsons' noncompliance.  Given the Fortsons' failure to obey the district court's multiple warnings, the district court did not abuse its discretion by failing to impose lesser sanctions before dismissing the action. Malautea, 987 F.2d at 1544

4

(recognizing that Rule 37 does not require "the vain gesture" of imposing ineffective lesser sanctions before dismissing an action).   Accordingly, we affirm.

**AFFIRMED.**