[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15271
Non-Argument Calendar

_____

D.C. Docket No. 4:17-cv-00322-WS-CAS

J. G. BERNARD, JR.,

                                        Plaintiff - Appellant,

versus

CHARLES ROSENBERG,

                                        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 14, 2018)

Before WILSON, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Mr. Bernard, acting pro se, appears to appeal the district court's dismissal of his case.[1] He attempted to obtain a writ of mandamus from the district court against the former head of the DEA, Charles Rosenberg. He alleged a "massive theft of pharmaceuticals" that occurred in "jails, prisons, state hospitals and military bases," leading to some sort of "very deadly public health crisis."

In his first order, the magistrate judge found that the initial filing was unsigned and thus was in violation of Fed. R. Civ. P. 11(a). He also found that it violated Fed. R. Civ. P. 8(a)'s requirement of a "short and plain statement of the grounds for the court's jurisdiction," and that it failed to establish that venue was proper. The magistrate judge provided Bernard with a civil complaint form, explained the deficiencies, and gave him approximately three weeks in which to file a new pleading.

Instead of complying, Bernard filed a "motion to expedite the proceeding," a "motion for an evidentiary hearing," a "motion for extension of time to supplement his petition," and "supplemental pleadings of his original petition." The magistrate judge found that Bernard had not complied with the first order and that he had still not shown venue. The magistrate judge also ordered that another civil complaint form be mailed to Bernard.

---

[1] His appellate filing is simultaneously titled a "brief," a "petition for hearing enbanc [sic] cause of action," and a "brief memorandum of legal authorities in support of petition for hearing enbanc [sic]."

2

Again flaunting the magistrate judge's order, Bernard did not make the ordered corrections or fill out the form. Instead, he filed a "motion to supplement, amend, change and expedite the proceeding." The magistrate judge issued a report and recommendation, advising that the case should be dismissed. Bernard still had not filed an appropriate pleading, his allegations were "conclusory and unsupported by any specific facts," he had failed to show standing and venue, and he had refused to follow the court's orders. The district court adopted the report and recommendation in full and dismissed the case. Bernard appealed. We affirm.

First, to whatever extent Bernard asks this court to grant a writ of mandamus, we deny his request.

Second, the district court did not err in dismissing the case. We review for an abuse of discretion. *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982). "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). However, the court must typically find that the party acted willfully and that a lesser sanction would not suffice to correct the inappropriate conduct. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006). Although we give leniency to pro se litigants, we do not have "license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs.,*

*Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

Here, the district court gave Bernard two chances to replead, wrote him instructions on how to properly do so, and provided him with two copies of the proper form. He refused to comply with the court order. The record sufficiently supports a finding that Bernard acted willfully and that a lesser sanction would not suffice, especially in light of the fact that Bernard did not comply after two repleader orders. *Cf., e.g.*, *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (affirming Rule 41(b) dismissal when counsel, inter alia, failed to submit a preliminary statement despite the court's "repeated insistence" that he do so). Additionally, the magistrate judge warned him twice that failure to comply with the order would result in dismissal. This further militates against an abuse of discretion. *Newsome*, 863 F.2d at 837.

**AFFIRMED.**