[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12213
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cv-00178-LGW-RSB

RAYFORD STEVENS,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
DR. PETER LIBERO,
Medical Doctor, Individual & Official Capacity,
MRS. MCMANUS,
Head Administrator of Medical Jesup, GA,
Individual & Official Capacity,
PA B. AREMU,
Medical Assistant at F.C.I. Jesup, GA,
Individual & Official Capacity,
MRS. MOON,
Medical Assistant at F.C.I. Jesup, GA,
Individual & Official Capacity, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(June 25, 2019)

Before ED CARNES, Chief Judge, WILSON, and HULL, Circuit Judges.

PER CURIAM:

Rayford Stevens, a federal prisoner proceeding pro se, appeals from the

district court's order granting the defendants' motion to dismiss his civil rights

complaint, construed as though it were brought pursuant to the Federal Tort Claims

Act, 28 U.S.C. §§ 1346, 2671, and Bivens v. Six Unknown Named Agents of Fed.

Bureau of Narcotics, 403 U.S. 388 (1971).

I.

In December 2014 Stevens filed a complaint against the United States, the

United States Department of Justice, the Federal Bureau of Prisons, and multiple

employees of the Federal Prison Complex in Jesup, Georgia.  It claimed that in

violation of his Fifth and Eighth amendment rights he did not receive timely

medical treatment, which allegedly resulted in the loss of his left eye.  In May 2015

Stevens filed a motion for appointment of counsel.  The magistrate judge denied

the motion, finding that there were no "exceptional circumstances" justifying the

appointment of counsel in his case.  In August 2015 the magistrate judge

2

conducted a frivolity review and issued a report recommending the dismissal of Stevens' claims against the United States, the DOJ, the BOP, and several individual defendants, and his Fifth Amendment claims against all defendants. The report recommended allowing Steven's Eighth Amendment deliberate indifference claims to proceed only against certain prison employees in their individual capacities. The district court adopted the report in part in December 2015.

The district court rejected the portion of the report recommending the dismissal of the United States as a defendant but adopted the remainder, allowing Stevens' Eighth Amendment claims to move forward against the United States and several prison employees in their individual capacities. The order included detailed instructions to Stevens informing him that he was required to pursue the case by completing discovery within 140 days after the filing of the defendants' last answer, and to cooperate in any discovery initiated by the defendants, including by participating in depositions. The court warned Stevens that failing to answer questions at a deposition could result in "severe sanctions, including dismissal of this case." (emphasis in original).

After the defendants answered the complaint and the court entered a scheduling notice, Stevens filed a motion for extension of time in April 2016. He claimed that he could "be rated as illiterate," that the prisoner who had been

3

assisting him with his case had been intentionally transferred to a different facility, that he needed professional assistance and had contacted an attorney, and that he had been unable to contact a physician to render expert testimony because he was incarcerated. The court granted his motion.

In June 2016 the defendants filed a motion to compel discovery, alleging that Stevens never responded to their discovery requests even though they had reminded him to complete them over a month after his responses were due. The motion also contained a declaration from defendants' counsel stating that after he had driven to Jesup to depose Stevens, Stevens claimed to have retained a New Jersey-based lawyer named Linda George who had advised him not to answer any questions without an attorney present. Because Ms. George could not be reached immediately, and because Stevens refused to be deposed without an attorney present, the deposition was cancelled. When the defendants later contacted Ms. George she said that she did not represent Stevens, but had merely referred him to attorneys in Georgia.

In response to the defendants' motion to compel, Stevens filed a motion for reconsideration of the court's scheduling order stating that he needed more time to secure counsel and a medical expert. He claimed that he was "presently in contact with a local attorney" interested in taking his case and that he had been experiencing difficulty in prosecuting his case because of the conditions of his

4

incarceration, the transfer of the inmate who had been assisting him with the litigation, and his difficulty seeing after the loss of his left eye.

In August 2016 the magistrate judge granted the defendants' motion to compel, awarding costs for the failed deposition and ordering Stevens to respond to discovery requests within ten days and to participate fully in any subsequent deposition or risk additional sanctions — including dismissal of the action. The magistrate judge deferred ruling on Stevens' motion for reconsideration of the scheduling order, and it ordered him to notify the court within 14 days whether he had obtained representation.

Later that month the defendants moved for summary judgment. A few days after that, Stevens filed a motion for an extension of time. It stated that although he was not illiterate he had no education beyond a GED that he had earned while incarcerated, that he had a good faith belief that Ms. George would represent him, and that he had found another inmate to assist him. The motion for extension requested time to file a renewed motion for appointment of counsel and to "diligently pursue with his family a last ditch effort to obtain private counsel." The defendants then filed a motion to dismiss for failure to prosecute.

In September 2016 the magistrate judge denied Stevens' motion for reconsideration and motion for an extension of time, noting that Stevens had repeatedly failed to follow the court's orders to respond to the defendants'

5

discovery requests, that Stevens had had ample time to seek representation, and that because the court "frequently handles matters filed by people of all levels of education" Stevens' lack of legal training and limited education did not constitute an extraordinary circumstance meriting the appointment of counsel in a civil case.

Shortly afterward Stevens filed a renewed motion for appointment of counsel. The defendants asked the court to hold that motion in abeyance pending the resolution of their motion for summary judgment and motion to dismiss. Stevens then moved for yet another extension of time. The magistrate judge denied Stevens' renewed motion to appoint counsel, but granted his latest motion for an extension of time. The magistrate judge ordered him to respond to the defendants' motion for summary judgment within 21 days and warned Stevens that it would not grant any more extensions of time.

In October 2016 Stevens filed a response to the defendants' motion for summary judgment and argued that he should receive relief under Rule 56(d) of the Federal Rules of Civil Procedure because he was unable to participate in discovery or procure an expert medical witness. He asked the court to issue a new scheduling order, reopen discovery, hold in abeyance the defendants' motion for summary judgment, and appoint an expert witness.

In February 2017 the magistrate judge issued a report recommending that the complaint be dismissed without prejudice for lack of prosecution, and that the

motion for summary judgment be denied as moot.  The report emphasized that Stevens had failed to participate in discovery despite repeated warnings and extensions of time, and noted that earlier sanctions had not had any effect.  The following month Stevens filed objections to the report, arguing that he had complied with all court orders since August 2016 when he had found a new inmate to help him, and that a dismissal without prejudice would have the same effect as a dismissal with prejudice because the statute of limitations had run.  The district court adopted the magistrate judge's report and dismissed the complaint without prejudice, finding that Stevens' objections were "little more than an iteration of assertions he has made on previous occasions."  In April 2017 Stevens filed a motion to alter or amend the judgment, which the district court denied.  Stevens now appeals, contending that the district court abused its discretion in dismissing his complaint.  He requests that we remand with instructions for the district court to appoint counsel to assist him in prosecuting his case.

## II.

We review a district court's dismissal for failure to prosecute for an abuse of discretion.  Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985).  "Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law."  Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th

Cir. 2005) (quotation marks omitted). <u>Pro se</u> filings are held to a less stringent standard than those drafted by attorneys and are liberally construed. <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998). But <u>pro se</u> litigants remain "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989).

A defendant may move to dismiss a plaintiff's complaint if the plaintiff fails to prosecute his case or to comply with the Federal Rules of Civil Procedure or any of the court's orders. Fed. R. Civ. P. 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay <u>or</u> willful contempt <u>and</u> a finding that lesser sanctions would not suffice." <u>Jones v. Graham</u>, 709 F.2d 1457, 1458 (11th Cir. 1983) (quotation marks omitted). When an order has the effect of preventing a plaintiff from refiling his complaint due to the running of the statute of limitations it is "tantamount to a dismissal with prejudice," which is "a sanction of last resort, proper only where there is a clear record of delay or willful contempt." <u>Justice v. United States</u>, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993) (quotation marks omitted).

The district court did not abuse its discretion in dismissing Stevens' complaint because there was a clear record of extensive delay, and lesser sanctions that the court imposed in an effort to force Stevens to comply with its orders proved ineffective. <u>See</u> <u>Jones</u>, 709 F.2d at 1458. The magistrate judge granted

8

Stevens multiple extensions of time and repeatedly warned him that failure to participate in discovery would lead to the dismissal of his complaint, yet he kept refusing to do so despite the imposition of penalties following his cancelled deposition.  The court was not "influenced by any mistake of law," Betty K Agencies, 432 F.3d at 1337, because a plaintiff in a civil case has no constitutional right to counsel and a district court enjoys broad discretion in deciding whether to appoint one.  Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999).  Although Stevens encountered significant difficulties in prosecuting his case, he has not shown that it involves "facts and legal issues that are so novel and complex" that the court was required to appoint counsel for him.  Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993).

**AFFIRMED.**