[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 20-13558

Non-Argument Calendar

————————————

JOHN J. WILSON, JR.,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cv-23173-MGC

————————————

Before JORDAN, BRANCH and DUBINA, Circuit Judges.

PER CURIAM:

Petitioner/Appellant John Wilson, Jr., a Florida inmate proceeding *pro se*, appeals the district court's dismissal with prejudice of his 28 U.S.C. § 2254 petition for failure to comply with court orders. Wilson argues that he is falsely imprisoned due to constitutional deficiencies that occurred during his trial. Having read the parties' briefs and reviewed the record, we affirm the district court's order dismissing with prejudice Wilson's petition.

## I.

We review for an abuse of discretion a district court's dismissal for failure to comply with the rules of a court. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006). "Discretion means that the district court has a range of choice, and its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Id.* (internal quotation marks omitted). "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

A party who fails to object to a factual or legal finding in a magistrate judge's report and recommendation ("R&R") waives the right to challenge that finding on appeal, if the party was informed of the time for objecting and the consequences on appeal

for failing to object. 11th Cir. R. 3-1. Objections to a magistrate judge's R&R are to be made within 14 days. Fed. R. Civ. P. 72(b). When a party fails to object timely, we may review a party's claims for plain error. 11th Cir. R. 3-1.

## II.

"When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). An appellant also abandons a claim when he raises it for the first time in his reply brief. *See id.* at 683.

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers and will be liberally construed. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). Nevertheless, *pro se* litigants are required to comply with applicable procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Further, the leniency afforded *pro se* litigants with liberal construction "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell*, 760 F.3d at 1168-69.

A district court may recharacterize a *pro se* litigant's motion when the label attached to the motion does not match the substance of the claims or would result in an unnecessary dismissal. *Castro v. United States*, 540 U.S. 375, 381-82, 124 S. Ct. 786, 791-92

(2003). When a district court uses its power to recharacterize a *pro se* motion, however, it must warn the *pro se* litigant that it is recharacterizing his motion into a habeas petition, that this characterization likely will limit the litigant's ability to file successive petitions, and that the litigant needs to file an amended petition or withdraw his motion. *Id.* at 383, 124 S. Ct. at 792.

Under Fed. R. Civ. P. 41(b), a district court may dismiss a claim if the plaintiff fails to comply with a court order. Fed. R. Civ. P. 41(b). A district court also may dismiss a claim *sua sponte* based on its inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). However, the discretion afforded under Rule 41(b) is not unlimited, and a district court may only dismiss a case with prejudice as a last resort in exceptional circumstances. *Zocaras*, 465 F.3d at 483.

A district court abuses its discretion when it *sua sponte* dismisses a civil action with prejudice where (1) the court fails to make a finding that the plaintiff acted willfully or that a lesser sanction would not have sufficed, and (2) nothing in the record supports a finding that the plaintiff acted willfully or that a lesser sanction would not have sufficed. *Betty K Agencies*, 432 F.3d at 1338-42. While we have remanded cases in which there has been no finding on the efficacy of sanctions less severe than dismissal, we have also affirmed dismissals of cases under Rule 41(b) when the record supported an implicit finding that any lesser sanctions would not serve the interests of justice. *Mingo v. Sugar Cane Growers Co-op. of*

*Fla.*, 864 F.2d 101, 102-03 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).

## III.

The record here demonstrates that Wilson has abandoned any argument that the district court improperly dismissed his § 2254 petition. Wilson failed to object timely to the R&R and, accordingly, has waived his ability to appeal the findings in the R&R. *See* Fed. R. Civ. P. 72(b). The district court granted Wilson an extension to object to the R&R, but he failed to file his objections by that date. Wilson also has abandoned on appeal any argument that the district court abused its discretion in dismissing his § 2254 petition on procedural grounds. *See Sapuppo*, 739 F.3d at 680. Wilson did not address, in his initial brief, whether the district court abused its discretion when it dismissed his § 2254 petition for failure to comply with filing requirements, and although he did minimally raise the issue in his reply brief, that is not enough to place the issue before this Court for review. *See Sapuppo*, 739 F.3d at 683.

Moreover, we conclude that the district court did not abuse its discretion by dismissing Wilson's petition with prejudice. The district court was within its authority to dismiss the petition for failure to comply with its clear orders that the petition contain claims supported by short, plain factual statements, within the designated page limits. *See* Fed. R. Civ. P. 41(b); *Betty K Agencies*, 432 F.3d at 1337. Wilson's first petition did not clearly state his claims and was over 400 pages in length. The district court also warned Wilson several times that his petition must comply with the court's

orders setting out the page limit and minimum requirements for petitions, or his petition would be dismissed. *See Moon*, 863 F.2d at 837. Even after receiving these warnings, Wilson continued to file amended petitions that exceeded the page limitations, referred the district court to exhibits, and did not clearly articulate his arguments. While the district court did not expressly find that other sanctions were not sufficient, the sheer number of warnings and "final chances" given to Wilson suggest that he willfully failed to comply with court orders and that dismissal with prejudice was the only proper sanction. *See Betty K Agencies*, 432 F.3d at 1338-42; *Goforth*, 766 F.2d at 1535. Therefore, we conclude that the district court did not abuse its discretion in dismissing Wilson's § 2254 petition with prejudice. Accordingly, based on the aforementioned reasons, we affirm the district court's judgment of dismissal with prejudice.

**AFFIRMED.**