[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11406

Non-Argument Calendar

_____

AARON MOHANLAL,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cv-61182-AHS

_____

Before WILSON, LUCK, and BLACK, Circuit Judges.

PER CURIAM:

Aaron Mohanlal, a Florida prisoner represented by counsel on appeal, appeals the district court's dismissal with prejudice of his *pro se* 28 U.S.C. § 2254 petition for writ of habeas corpus. Mohanlal contends the district court erred when it dismissed his petition because the local rule regarding page limits was inapplicable to his habeas petition and the court improperly considered his petition given his status as a *pro se* litigant. After review,[1] we affirm the district court.

## I. BACKGROUND

Mohanlal's first § 2254 petition was 52 pages long. In ordering Mohanlal to file an amended petition, the district court informed Mohanlal the petition "significantly exceeds this District's 20-page limit for motions and legal memoranda,"[2] and cautioned Mohanlal the "failure to comply with this Order **will result in**

---

[1] The appropriate standard of review is abuse of discretion, not *de novo* as Mohanlal contends, as Mohanlal's appeal stems from his petition's dismissal for failure to comply with court rules. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (reviewing for an abuse of discretion a district court's dismissal for failure to comply with rules of court).

[2] Local Rule 7.1(c)(2) for the Southern District of Florida provides motions and legal memoranda filed with the court shall not exceed 20 pages without leave of the court. S.D. Fla. Local Rule 7.1(c)(2).

**dismissal of this case**, and that no further amendments will be permitted." (Emphasis in original). Mohanlal's amended petition was 42 pages long, which the district court again stated "significantly exceeds this District's 20-page limit for motions and legal memoranda." The district court explained, "Petitioner completely ignored the Court's Order and has resubmitted another lengthy Petition with cramped writing and extraneous pages inserted throughout." In ordering Mohanlal to file a second amended petition, the district court once again cautioned Mohanlal that the "failure to comply with this Order **will** result in dismissal of this case, and that no further amendments will be permitted." (Emphasis in original). Despite these warnings, Mohanlal's second amended petition was 31 pages long. The district court dismissed with prejudice for failure to comply with the Court's orders, stating Mohanlal had "received sufficient notice of the Court's authority to dismiss for failure to comply with court orders," and that "[n]everthless, Petitioner is unwilling to comply with the Court's Orders."

## II. DISCUSSION

The district did not abuse its discretion when it dismissed Mohanlal's second amended petition with prejudice. The court was within its discretion to dismiss the petition for failure to comply with its clear orders to comply with the 20-page limit. *See* Fed. R. Civ. P. 41(b) (providing a district court may dismiss a claim if the plaintiff fails to comply with a court order); *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (stating a

district court may dismiss a claim *sua sponte* based on its inherent power to manage its docket).

Each of Mohanlal's petitions was accompanied by a motion requesting a change to the page limit, suggesting Mohanlal was aware of the rule when he filed his first petition and continued to ignore the district court's explicit orders to follow the rule in each successive filing. The district court warned Mohanlal several times that his petition needed to comply with the court's orders setting out the page limit, or his petition would be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

Even after he received multiple orders directing him not to exceed the page limit, Mohanlal continued to file amended petitions that were far over the page limit. Mohanlal's *pro se* status did not excuse him from complying with the court's orders directing him to follow the local rules for the length of court filings. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (stating *pro se* litigants are required to comply with applicable procedural rules). Despite Mohanlal's argument on appeal that the Southern District's Local Rules were inapplicable to his petition, the district court ultimately dismissed the petition because Mohanlal repeatedly did not follow the page limit rule after he was ordered to do so, not because of the rule itself, which was within the court's inherent power to manage its docket. Fed. R. Civ. P. 41(b); *Moon*,

863 F.2d at 837; *see also Procup v. Strickland*, 792 F.2d 1069, 1073-74 (11th Cir. 1986) (*en banc*) (recognizing "[f]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions" and courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others").

A district court abuses its discretion when it *sua sponte* dismisses a civil action with prejudice where (1) the court fails to make a finding the plaintiff acted willfully or that a lesser sanction would not have sufficed, and (2) nothing in the record supports a finding that the plaintiff acted willfully or that a lesser sanction would not have sufficed. *Betty K Agencies*, 432 F.3d at 1338-42. While the district court did not expressly find other sanctions were not sufficient, the number of warnings and final chances given to Mohanlal, coupled with the clarity of the court's instructions, show Mohanlal willfully failed to comply with court orders and that dismissal with prejudice was a proper sanction. *See id.* While we have remanded cases in which there has been no finding on the efficacy of sanctions less severe than dismissal, we have also affirmed dismissals under Rule 41(b) when the record supported an implicit finding that any lesser sanctions would not serve the interests of justice. *Mingo v. Sugar Cane Growers Co-op of Fla.*, 864 F.2d 101, 102-03 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). While dismissal with prejudice is a severe sanction, the record shows the district court gave several warnings to Mohanlal, and the

only action left at its disposal, after he repeatedly and willfully failed to file a proper petition, was dismissal. *See Goforth*, 766 F.2d at 1535. Accordingly, we affirm.[3]

**AFFIRMED.**

---

[3] To the extent Mohanlal requests in his brief that we take judicial notice of his criminal proceedings, his request is DENIED because those proceedings are not relevant to the district court's analysis and dismissal of the petition.