[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11340

_____

LUJERIO CORDERO,

Plaintiff-Appellant,

*versus*

TRANSAMERICA ANNUITY SERVICE CORPORATION,
a.k.a. Wilton Re Annuity Service Corporation,

Defendant-Third-Party Plaintiff-Appellee,

TRANSAMERICA LIFE INSURANCE COMPANY,

Defendant-Cross Claimant-Appellee,

2                    Opinion of the Court                    21-11340

ALLIANCE ASSET FUNDING, LLC, et al.,

Third-Party Defendants-Cross Defendants.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:18-cv-21665-DPG

————————————

Before WILSON, ROSENBAUM, Circuit Judges, and CONWAY,* District
Judge.

PER CURIAM:

Over the course of twenty-two months, plaintiff-appellant
Lujerio Cordero—a childhood victim of lead poisoning—assigned
his rights to nearly one million dollars in structured settlement pay-
ments to factoring companies for pennies on the dollar. Through
six transfer agreements that he lacked the capacity to understand,
Cordero relinquished his rights to monthly payments with a total
aggregate value of $959,834.42 spread over the course of about
twenty-six years for a series of immediate lump-sum cash payments
that amounted to $268,130.

_____

* Honorable Anne C. Conway, United States District Judge for the Middle Dis-
trict of Florida, sitting by designation.

The six transactions at issue were facilitated under Florida's Structured Settlement Protection Act (Florida's "SSPA"), which states that a structured settlement payment rights transfer is only effective if "the transfer is authorized in advance in a final order by a court of competent jurisdiction[.]" Fla. Stat. § 626.99296(3)(a). At hearings where the factoring companies were the only represented parties, Florida state courts approved Cordero's assignments. For each transfer, the Florida state court concluded—among other things—that the transfer was in Cordero's best interest. *See id.*

After Cordero exhausted his cash payments, he endeavored to recover the money that he assigned to the factoring companies. But, instead of suing the factoring companies or attempting to void the transactions, Cordero sued Transamerica Annuity Service Corporation and Transamerica Life Insurance Company (collectively, "Transamerica"), the entities that issued and funded his periodic payments before he assigned them. Cordero asserted two claims against Transamerica: one for breach of contract under New York law, and the other for exploitation of a vulnerable adult under Florida's Adult Protective Services Act ("FAPSA"), Florida Statute § 415.1111.

This appeal followed the district court's with-prejudice dismissal of Cordero's claims. It returns to us after the New York Court of Appeals answered a reformulated version of a question that we certified for its review. *See Cordero v. Transamerica Annuity Serv. Corp.*, 34 F.4th 994 (11th Cir. 2022), *certified question answered*, No. 21, --- N.E.3d --- (N.Y. Apr. 25, 2023).

Our certified question pertained to Cordero's breach of contract claim. With the benefit of oral argument, we concluded that one of Cordero's theories of liability might be viable: a claim premised on a breach of the implied covenant of good faith and fair dealing. However, we were unsure whether such a claim was actionable under New York law based on the facts of this case. Therefore, we certified the following question to the New York Court of Appeals:

> Does a plaintiff sufficiently allege a breach of the implied covenant of good faith and fair dealing under New York law if he pleads that the defendant drastically undermined a fundamental objective of the parties' contract, even when the underlying duty at issue was not explicitly referred to in the writing?

*Cordero*, 34 F.4th at 1002. In its response, the New York Court of Appeals reformulated our question to read:

> Does a plaintiff sufficiently allege a breach of the covenant of good faith and fair dealing under New York law by pleading that (1) an issuer or obligor failed to object to plaintiff's sale of periodic payments in an SSPA proceeding, where the underlying agreements contain anti-assignment provisions, and (2) the sale approved by the SSPA court was not in the plaintiff's best interest?

*Cordero v. Transamerica Annuity Serv. Corp.*, No. 21, --- N.E.3d ---, slip op. at 9 (N.Y. Apr. 25, 2023). The New York Court of Appeals answered its reformulated question in the negative, concluding that

21-11340                 Opinion of the Court                    5

"such allegations do not state a cognizable cause of action for breach of the implied covenant." *Id.*, slip op. at 2, 9.

We offer the New York Court of Appeals our sincerest thanks for its assistance. Given its guidance, we affirm the district court's with-prejudice dismissal of Cordero's breach of contract claim.[1]

One issue remains: whether Cordero has stated a claim against Transamerica pursuant to FAPSA for exploitation of a vulnerable adult. We deferred our decision on this claim in our prior opinion. *See Cordero*, 34 F.4th at 996 n.2.

Under FAPSA, a "vulnerable adult who has been abused, neglected, or exploited" may bring a civil lawsuit "against any perpetrator." Fla. Stat. § 415.1111. In defining "exploitation," the statute states that the exploiter must act "with the intent to temporarily or permanently deprive the vulnerable adult of the use, benefit, or possession of [his] funds, assets, or property for the benefit of someone other than the vulnerable adult." *Id.* § 415.102(8)(a). Examples of exploitation listed in the statute include "[b]reaches of fiduciary relationships," "[u]nauthorized taking of personal assets," "[m]isappropriation, misuse, or transfer of moneys belonging to a vulnerable adult from a personal or joint account," or "[i]ntentional or negligent failure to effectively use a vulnerable adult's

---

[1] We recognize that Cordero made additional arguments regarding his breach of contract claim in his briefs; however, we find that those arguments are meritless. *See Cordero*, slip op. at 13–14.

income and assets for the necessities required for that person's support or maintenance." *Id.* § 415.102(8)(b).

Cordero's FAPSA claim fails under the plain language of the statute. In his operative complaint, Cordero does not allege that Transamerica *intended* to deprive him of the use of his funds. *See id.* § 415.102(8)(a). Instead, Cordero asserts that Transamerica "allowed" (or "facilitated") his exploitation by the factoring companies, which resulted in an unauthorized taking of his assets. Based on the facts that Cordero pleaded, Transamerica's actions simply do not amount to "exploitation" as that term is defined in FAPSA. Because Cordero has failed to state a violation of FAPSA, we affirm the district court's with-prejudice dismissal of his FAPSA claim.[2]

For the reasons set forth above and in the New York Court of Appeals' response to our certified question, we affirm the district court's dismissal of Cordero's claims.[3]

**AFFIRMED.**

---

[2] "We may affirm for any reason supported by the record, even if not relied upon by the district court." *Hill v. Emp. Benefits Admin. Comm. of Mueller Grp. LLC*, 971 F.3d 1321, 1325 (11th Cir. 2020) (internal quotation marks omitted).

[3] The facts as Cordero has alleged them are truly troubling. They describe a situation where it appears an industry is able to systematically victimize individuals who are not in a position to protect themselves. *See Cordero*, slip op. at 30 (Rivera, J., dissenting). But given the governing law, we cannot grant Cordero the relief that he seeks based on the claims that he asserted against Transamerica.