In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10717

_____

JAMES M. CUYLER,

Plaintiff-Appellant,

*versus*

SECRETARY, DEPARTMENT OF VETERANS AFFAIRS,
BAY PINES VA HEALTH CARE SYSTEMS,
PAUL RUSSO,
Director,
ELAMIN M. ELAMIN,
Chief of Staff,
VIVIAN FASULA,
Chief of Surgery, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cv-00263-WFJ-AEP

_____

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

BY THE COURT:

James Cuyler, proceeding *pro se*, appeals from the November 9, 2022 endorsed order dismissing his complaint with leave to amend, which became the final judgment once the deadline to amend expired, as well as several other orders entered after the November 9 order. We remanded this case to the district court for the purposes of (1) determining whether Cuyler's January 26, 2023 motion to stay should be construed as a Fed. R. App. P. 4(a)(5) motion and, if yes, whether Cuyler was entitled to Rule 4(a)(5) relief; and (2) resolving two timely tolling motions.

On remand, the district court concluded that Cuyler's January 26 motion was not a Rule 4(a)(5) motion and, alternatively, he was not entitled to Rule 4(a)(5) relief. It also denied Cuyler's two timely tolling motions, but we do not address the denial of those motions in this order.

We instructed the parties to file letter briefs concerning Cuyler's challenges to the October 30, 2023 order on remand. After considering those letter briefs, we conclude that the district court did not abuse its discretion by denying Cuyler Rule 4(a)(5) relief.

Given that conclusion, we need not decide whether the district court abused its discretion by concluding that Cuyler's January 26, 2023 motion to stay was not a Rule 4(a)(5) motion.

We review the denial of Rule 4(a)(5) relief for abuse of discretion and will affirm unless the district court made a clear error of judgment, applied an incorrect legal standard, or rested its decision on a clearly erroneous factual finding. *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 997 (11th Cir. 1997); *Weatherly v. Ala. State Univ.*, 728 F.3d 1263, 1269-70 (11th Cir. 2013). We can affirm for any reason supported by the record. *Cordero v. Transamerica Annuity Serv. Corp.*, 71 F.4th 843, 846 n.2 (11th Cir. 2023).

Rule 4(a)(5) allows a district court to extend the appeal period upon a motion filed not later than 30 days after the deadline expires if the movant demonstrates excusable neglect or good cause. Fed. R. App. P. 4(a)(5); 28 U.S.C. § 2107(c). To evaluate excusable neglect, courts look to the length of the delay, the reason for the delay, its possible effect on judicial proceedings, the risk of prejudice to the opposing party, and whether the movant acted in good faith. *Advanced Estimating Sys., Inc.*, 130 F.3d at 997-98. A party's mistaken understanding of the rules governing his appeal deadline does not establish good cause or excusable neglect. *See id.* at 998-99 (considering attorney's mistake of law).

The district court did not abuse its discretion by denying Rule 4(a)(5) relief because Cuyler's arguments for that relief centered on challenges to the district court's decisions and his efforts

4                         Order of the Court                  23-10717

to obtain removal of the district judge.  Those challenges are not connected to his ability or failure to timely appeal and, thus, could not establish good cause or excusable neglect.  *See* Fed. R. App. P. 4(a)(5); 28 U.S.C. § 2107(c).  To the extent that Cuyler argues that the district court should have granted him Rule 4(a)(5) relief given confusion about when the appeal deadline expired, any such confusion could not establish good cause or excusable neglect.  *See Advanced Estimating Sys., Inc.*, 130 F.3d at 998-99.

Accordingly, we AFFIRM the district court's October 30, 2023 denial of Cuyler's request for Rule 4(a)(5) relief.  Furthermore, as we previously concluded, Cuyler's notice of appeal is not timely as to the November 9, 2022 dismissal order, which became a final judgment once his deadline to amend his complaint expired.  Thus, the appeal is DISMISSED IN PART as to the November 9 order and the final judgment because we lack jurisdiction to review that judgment.  Cuyler's appeal may proceed as to the district court's endorsed orders entered on December 9, 2022, January 3, 2023, and January 31, 2023, and as to the court's non-jurisdictional determinations in its October 30, 2023 order on remand.