[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-11141

Non-Argument Calendar

_____

DEWITT COATES,

                                                              Plaintiff-Appellant,

*versus*

LYFT, INC.,

NEUTRON HOLDINGS, INC.,

d.b.a. Lime,

ABC CORPORATION,

XYZ CORPORATION,

JOHN DOE 1-5, et al.,

                                                              Defendant-Appellees.

2                    Opinion of the Court                    24-11141

—————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-01449-SEG

—————————————

Before Luck, Lagoa, and Kidd, Circuit Judges.

PER CURIAM:

Dewitt Coates, proceeding *pro se*, appeals the district court's dismissal of his claims against Lyft, Inc. ("Lyft"), Neutron Holdings, Inc. ("Lime"), and Segway, Inc. ("Segway"), among other unnamed defendants. After Coates twice failed to comply with discovery orders after being warned that doing so may result in sanctions, including dismissal, the district court dismissed this case under Federal Rule of Civil Procedure 41(b) and Northern District of Georgia Local Rule 41.3(A). After careful review, we affirm the district court's order of dismissal.

## I.    BACKGROUND

On the evening of March 31, 2019, Coates was riding a Lyft electric scooter on the sidewalk of Huff Road NW in Atlanta, Georgia. As Coates approached the edge of the sidewalk, he attempted to apply the scooter's brakes to slow down. When the brakes failed to engage, Coates continued to accelerate and crashed into an electrical box on the sidewalk, sustaining injuries to his head.

On March 10, 2021, Coates sued Lyft, two other electric-scooter companies—Lime and Segway—and several fictitious corporations and individuals in Georgia state court, alleging claims for products liability and negligence. The named Defendants removed the case to the U.S. District Court for the Northern District of Georgia and answered the complaint. Soon after, the district court stayed discovery until August 21, 2021, to allow the parties to engage in settlement discussions at mediation, which was set to take place on July 30. On the eve of mediation, both Coates and his counsel filed motions requesting that Coates's counsel be allowed to withdraw his representation. The district court granted the motion to withdraw, extended the stay for another thirty days, and ordered that Coates, by September 3, either file a notice stating his intention to proceed *pro se* or have his new counsel file a notice of appearance. Coates did not do either by the September 3 deadline. The district court twice extended that deadline (and the stay), and Coates finally informed the district court of his intention to proceed *pro se* on January 6, 2022.

Following a March 9 status conference—which Coates failed to attend—the district court reopened the case and entered a scheduling order setting discovery to run for the six-month period of March 9 to September 9. The scheduling order warned Coates that noncompliance "may lead to the dismissal of this case." Lyft then filed a motion for judgment on the pleadings, and the district court stayed discovery while it considered that motion. The district court ultimately denied Lyft's motion on January 12, 2023, and set a new discovery deadline for April 10, 2023.

On February 22, Segway served Coates with interrogatories and requests for production. Coates did not respond by the March 27 deadline, prompting Segway to send Coates a Rule 37 letter requesting to meet and confer about the outstanding discovery requests. Coates responded to the letter saying he would serve his responses by "Monday the 4th" (a date that did not exist) but gave Segway no discovery within that week. As a result, Segway filed a motion to compel production, as well as a motion to extend discovery. The district court extended the discovery deadline to July 1, 2023.

On April 11, Coates finally served Segway his interrogatory responses, which the district court would later characterize as "limited and generally non-responsive." Coates also failed to provide written responses to Segway's requests for production. The parties conferred again on May 8 to discuss their discovery disputes. At that meeting, Coates "could not identify any demands to which he would respond/provide further responses . . . . [or] agree to provide any discovery by a date certain." On May 15, the district court granted Segway's motion to compel and ordered Coates "to provide complete responses to Segway's discovery request" within fourteen days. The district court declined to issue sanctions against Coates at that time, but it warned him again that his continued failure to participate in discovery or to meet deadlines may result in sanctions, including dismissal of the case without further notice.

Despite the district court's order to provide "complete responses," Coates served the same interrogatory responses he had

already submitted and still had not provided written responses to the requests for production by May 30. Segway then filed a motion to amend its original motion to compel. The district court granted that motion, and again ordered Coates to adequately respond to Segway's discovery requests by June 28, advising him "that his failure to timely comply with this order may result in sanctions up to and including dismissal." Coates responded to Segway's amended motion to compel by asserting his "total and complete opposition to all requests[.]" When Coates failed to supplement his discovery responses by June 28, Segway and Lyft each filed motions to dismiss pursuant to Federal Rule of Civil Procedure 41(b) based on Coates's continued noncompliance with court orders.

By July 28—nearly a month after discovery had closed—Coates filed certificates of service indicating that he served Segway and Lyft with his responses to their first sets of interrogatories and request for production. Coates also maintains that he submitted to the court additional responses to Segway's interrogatories and requests for production with the court on July 13, but those submissions were returned to Coates by the Clerk. Coates later filed these supplemental answers on the docket. Upon review, the district court found they remained "inadequate and generally non-responsive."

On March 11, 2024, the district court granted the Defendants' motions to dismiss with prejudice, finding that Coates had "engaged in deliberate, willful, and repeated conduct of noncompliance, despite being twice ordered to comply with discovery

rules," in violation of Rule 41(b).  The district court also cited its authority under Northern District of Georgia Local Rule 41.3(A) to dismiss a case for "want of prosecution" on account of a plaintiff's failure to comply with court orders.  Coates now appeals that order.

While this appeal was pending, Coates filed several motions with this Court,[1] many of which we denied on November 4, 2024, in an omnibus order.  Coates subsequently filed a motion for reconsideration of the omnibus order, which we also denied. Coates has since submitted a "motion to notify the court of overlooked motion for reconsideration."  That motion remains pending.

## II.    STANDARD OF REVIEW

We review dismissals under Federal Rule of Civil Procedure 41 for abuse of discretion.  *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).  We also "review for abuse of discretion a district court's dismissal for failure to comply with the rules of court."  *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005).  "[W]hen employing an abuse of discretion standard, we will leave undisturbed a district court's ruling unless we find that the district court has made a clear error of judgment, or

---

[1] These include a "motion to notify court of docket errors," a motion for summary judgment, two motions "for conference with the judge presiding," a motion "for information," a motion to stay, and a "motion to correct motion to default judgment."

has applied the wrong legal standard." *Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.*, 420 F.3d 1317, 1325 (11th Cir. 2005).

## III.    ANALYSIS

Coates appeals the dismissal of his claims for failure to comply with court orders and failure to prosecute. Rule 41(b) allows a defendant to "move for dismissal of an action or of any claim against him" for "failure of the plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b); *see also Kilgo v. Ricks*, 983 F.3d 189, 192 (11th Cir. 1993) ("A district court has authority under Federal Rule of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules."). A Rule 41(b) dismissal with prejudice is an "extreme sanction" that may be imposed only if "there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotation marks omitted). Even so, "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). That remains the case regardless of whether the litigant is counseled or is appearing *pro se. See id.* ("[O]nce a pro se . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

Here, we conclude that the district court did not abuse its discretion in finding that Coates demonstrated "a clear pattern of deliberate and willful noncompliance" with its orders. *Betty K*, 432 F.3d at 1338 (quotation omitted). After first providing evasive

responses to Segway's interrogatories, Coates was ordered on May 15, 2023, "to provide complete responses" and was warned that failing to do so could result in sanctions. Instead of amending his answers, Coates merely resubmitted his deficient responses, in direct defiance of the court's order. The district court then gave Coates another chance to submit compliant answers by June 28 and again advised him that "his failure to timely comply with this order may result in sanctions up to and including dismissal." Coates did not submit any supplemental responses by that deadline—and when he finally served those responses out of time, they continued to be non-responsive. Where, as here, a *pro se* litigant is made aware of the consequences of noncompliance and ignores court orders, a district court is well within its discretion to "enforce its orders and [e]nsure prompt disposition of lawsuits." *Goforth*, 766 F.2d at 1535.

And it was appropriate for the district court to conclude that no other sanction would suffice. The district court not only gave Coates numerous extensions to filing deadlines, but two additional chances to supplement his interrogatory responses after being told they were inadequate. Such accommodations went above and beyond the leniency a court is required to afford a *pro se* litigant. *Cf. Moon*, 863 F.2d at 837. After Coates "deliberately refused to comply with multiple court orders" and gave no indication that he would "comply in the future," the district court was free to exercise its "authority to deny that plaintiff further access to the court to pursue the case." *Phipps v. Blakeney*, 8 F.3d 788, 790–91 (11th Cir. 1993).

24-11141                Opinion of the Court                9

We thus hold that the district court did not abuse its discretion in dismissing Coates's claims with prejudice under Rule 41(b) on account of Coates's repeated failure to comply with discovery orders. Having done so, we need not separately address whether dismissal was also justified by Coates's purported "failure to prosecute" the action. *See Cordero v. Transamerica Annuity Serv. Corp.*, 71 F.4th 843, 846 n.2 (11th Cir. 2023) ("We may affirm for any reason supported by the record[.]" (quotation omitted)); *cf. Betty K*, 432 F.3d at 1337–38 (discussing extent of difference between dismissal on each ground).

## IV.    CONCLUSION

For the reasons stated, we affirm the district court's order of dismissal, and we deny as moot the Appellant's "motion to notify the court of overlooked motion for reconsideration."

**AFFIRMED.**